## LUKICH v. UTAH CONST. CO.

No. 2685.   Decided June 24, 1915 (150 Pac., 298).

1. APPEAL AND ERROR—MATTERS REVIEWABLE—JUDGMENT OF NON-SUIT. A bill of exceptions reciting that defendant interposed a motion for nonsuit, that the jury were excused and after argument of the motion were returned into court, that the court sustained the motion, and stated that judgment for nonsuit might be granted, whereupon the jury were discharged, is insufficient to show the entry of an appealable judgment.[1] (Page 318.)

2. APPEAL AND ERROR—RECORD—ORDER OF NONSUIT. An order of nonsuit attached to a transcript, but not a part of the judgment roll, within Laws 1911, c. 94, providing that certain papers shall constitute the judgment roll, nor being included in the bill of exceptions, cannot be considered on appeal. (Page 318.)

3. APPEAL AND ERROR—RECORD—"JUDGMENT." A judgment being the final determination of the rights of the parties, to ascertain what in fact was determined, recourse should be had, not to the bill of exceptions, but to the judgment itself or to the judgment record or recitals of it. (Page 319.)

Appeal from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Niko Lukich against the Utah Construction Company.

Plaintiff was non-suited. He appeals.

APPEAL DISMISSED.

*Weber & Olsen* for appellant.

*Howat, Macmillan & Nebeker* for respondent.

[1]Robinson v. Salt Lake City, 37 Utah, 520, 109 Pac. 817.

318        SUPREME COURT OF UTAH.        [June

Lukich v. Utah Const. Co., 46 Utah 317.

STRAUP, C. J.

Our statute permits an appeal from only a final judgment. It is the settled practice in this jurisdiction that an appeal does not lie from an order granting or over-ruling a motion for a nonsuit or new trial. Such rulings can only be reviewed on an appeal from the judgment. We are asked to dismiss this appeal on the ground that the record fails to show a judgment.

We have before us a bill of exceptions. It shows that the plaintiff, the appellant, to support the issues in his behalf, adduced his evidence and rested. It then recites that the defendant interposed a motion for a nonsuit; that the jury were excused, and, after presentation and argument of the motion, were returned into court. Then:

"The Court: In this case the court sustains the motion for a nonsuit, and judgment for nonsuit may be granted."

It further recites:

"Whereupon the jury are, by the court, discharged from further consideration of the case."

The certificate recites:

"The above and foregoing contains all the evidence and testimony in the above-entitled cause and all the proceedings, all of the exceptions taken, and it is a full, true, and correct transcript of the testimony and other proceedings had on the trial of said cause, and the same is hereby allowed, settled, and signed by the court as and for the bill of exceptions herein."

It is thus seen that what is settled are trial proceedings, nothing more.

Attached to the transcript is what is denominated an "entered order." Omitting the title of the court and cause, it is:

"The attorneys for the respective parties and the jury heretofore impaneled and sworn to try the within case being now present and ready, the further trial of the case is resumed. The court having considered the defendant's motion for judgment of nonsuit and dismissal herein, and being fully advised in the premises, it is ordered that the said motion be, and it is, hereby sustained. It is ordered

that jurors serving on the trial of the within case be, and they are, hereby discharged from further consideration of the case, and all jurors serving in this division of the court be, and they are, hereby excused to September 16, 1913, at the hour of ten o'clock a. m.''

These are pointed to as constituting the judgment or recitals of it. The order is not a part of the judgment roll. Laws Utah 1911, c. 94. It is not contained in the bill, nor made a part of it, nor settled in the bill. It thus is neither part of the judgment roll nor of the bill. We therefore cannot notice it. All we have, then, is the bill. The recitals at most but show an order granting a nonsuit, or directing a judgment of nonsuit. It does not show a judgment, one in fact rendered or entered. From what is recited, it may be said the case was sent out of court. But that a judgment was in fact rendered or entered is left to argument and deduction. If a judgment was rendered and entered, it ought to appear by the court's record and the judgment book. The bill contains no such recitals; nor is such fact otherwise made to appear. It is generally admitted, but not always observed, that what ought to be of record must be proved by record and by the right record.

A judgment is the final determination of the rights of the parties. To ascertain what was in fact determined, recourse should be had, not to a bill of exceptions, but to the judgment itself, or the judgment record or recitals of **3** it. If anything ought to be shown by the right record or recitals of it, it is a judgment. That has not been done. Until so done, we cannot properly know that a judgment has been rendered or entered. For aught that now appears, no judgment was in fact rendered or entered. Were there one in fact rendered or entered, a diminution of the record could have been suggested, and what is now lacking could have been certified up. That was not asked. Instead of that, the appellant rests upon the recitals in the bill and on the extraneous order attached to the transcript. As already observed, that order cannot be noticed. We thus are asked to look through the bill to ascertain if some remark or order

of the court was made during the trial which may be considered had the effect to send the case out of court, and call that the judgment. Such a practice but leads to useless jargon and unprofitable wrangles. If there is a judgment, there is a right way to show it. It is just as convenient to do it that way as to try to do it the wrong way. If no judgment was in fact rendered or entered, then this appeal does not lie, and a review or determination by us would be ineffectual.

We therefore think the appeal should be dismissed. Such is the order. Respondent to recover costs.

McCARTY, J., concurs.

FRICK, J.

I concur. At first blush I thought this case fell within the ruling made in *Robinson* v. *Salt Lake City*, 37 Utah 520, 109 Pac. 817, where we held a somewhat informal judgment of nonsuit sufficient to support an appeal. Upon a careful examination of the record in this case, I am convinced that there is no similarity between the two cases. Here no judgment of any kind is shown to have been entered, and, as stated by Mr. Chief Justice STRAUP, the order sustaining the motion for a nonsuit is not appealable in this jurisdiction; hence we are without jurisdiction to hear the appeal, and it therefore should be dismissed.