## ROBISON v. FILLMORE COMMERCIAL & SAVINGS BANK.

No. 3922.   Decided March 9, 1923.   (213 Pac. 790.)

1. APPEAL AND ERROR—MINUTE ORDERS HELD NOT JUDGMENT DISMISSING COMPLAINT.   Where the record on appeal showed that demurrer to the complaint was sustained and plaintiff stood thereon, and the minute orders showed that "the court then enters its order dismissing said complaint," but the record did not show actual entry of judgment, the appeal must be dismissed.[1]

2. APPEAL AND ERROR—APPEAL FROM FINAL JUDGMENT ONLY.   An appeal is allowed from final judgment only.

Appeal from District Court, Fifth District, Millard County; *Wm. F. Knox*, Judge.

Action by Franklin Leon Robison against the Fillmore Commercial & Savings Bank.   From an order dismissing the complaint, plaintiff appeals.

APPEAL DISMISSED.

*Higgins & Higgins*, of Fillmore, and *Willard Hanson*, of Salt Lake City, for appellant.

---

[1] *Lukich v. Utah Construction Co.*, 46 Utah, 317, 150 Pac. 298.

Appeal from Third District

*Soule & Spalding,* of Salt Lake City, and *T. M. Ivory,* of Fillmore, for respondent.

PER CURIAM.

We are met at the threshold of this case with a motion of the respondent to dismiss the appeal on the ground that no judgment has ever been entered.

It appears from the minute orders of the lower court that—

"The court orders the demurrer of the defendant to the complaint of plaintiff sustained, and plaintiff is allowed until July 5th to prepare and file an amended complaint."

In the minute book of the court it further appears that—

"Counsel for plaintiff in open court states that the plaintiff stands on its complaint as filed herein. The court then enters its order dismissing said complaint."

The notice of appeal is taken "from the judgment dismissing plaintiff's complaint." No judgment further, than these minute entries is shown to have been made or entered by the court. This is admitted by counsel for appellant.

Upon the authority of the opinion of this court in *Lukich v. Utah Construction Co.,* 46 Utah, 317, 150 Pac. 298, these minute entries do not constitute any judgment **1, 2** of the court dismissing the plaintiff's cause of action. An appeal is allowed only from final judgments. The motion to dismiss the appeal must therefore be granted. Such is the order.