OMEGA INV. CO. v. WOOLLEY et al. (COWLEY et al., Interveners).

No. 4886. Decided January 20, 1930. (284 P. 523.)

*J. Louis Brown* and *E. D. Hatch,* both of Salt Lake City, for appellants.

*E. A. Walton, M. E. Wilson,* and *A. R. Barnes,* all of Salt Lake City, for respondents.

PRATT, District Judge.

This is an appeal from an order of the lower court made after final judgment and decree. The details of the case and the interests of the parties may be found in 271 P. 797.

The judgment and decree became final November 21, 1928. On November 26, 1928, counsel for the plaintiff, upon an ex parte application, obtained an order from the lower court permitting him to withdraw from the files certain exhibits, among which was Plaintiff's Exhibit 1; and withdrew them accordingly. It is admitted in this record that said exhibit, after its release, was delivered to one of the defendants in this action, to wit, Nathaniel Baldwin, Inc. During the progress of the case originally the secretary of the company, as such secretary, produced the exhibit in the lower court for introduction in evidence and it was admitted as Plaintiff's Exhibit 1.

On December 29, 1928, attorneys for Ernest R. Woolley and the Nathaniel Baldwin Sales Company (not Nathaniel Baldwin, Inc.) served notice upon counsel for plaintiff to the effect that on January 5, 1929, they would move the lower court for an order vacating the order of November 26, 1928, and requiring that such of said exhibits as should have been released to "Defendants and Impleaded Defendants" be returned to them, specifically mentioning, among others, Plaintiff's Exhibit 1. It is admitted, however, by these attorneys that they were not appearing for Nathaniel Baldwin, Inc., which company appears as one of "Defendants and Impleaded Defendants." The substantial ground for such motion was stated as follows: "* * * That such of Plaintiff's Exhibits as were *produced* by Defendants and Impleaded Defendants should have been returned to them. * * *" (Italics ours.)

On January 5, 1929, the motion was argued in the lower court, counsel for plaintiff appearing, for the purpose of the motion, as counsel for the Nathaniel Baldwin, Inc. The lower court in deciding the matter, in so far as it pertains to Exhibit 1, made the following order:

" * * * It is ordered that Exhibit 1, be retained by Nathaniel Baldwin, Inc. * * * "

This appeal is from this particular part of the order only and is taken by Ernest R. Woolley and the Nathaniel Baldwin Sales Company (not Nathaniel Baldwin, Inc.). For the sake of brevity, we shall speak of Ernest R. Woolley and associate company as appellant, and Nathaniel Baldwin, Inc., as respondent.

Both in the lower court and in this court appellant has very strenuously maintained that in all justice and equity he is entitled to the papers that go to make up Plaintiff's Exhibit 1. He relies upon the merits of the original case; the record of that case and a certain expressed opinion of the judge of the lower court who heard the trial of that case, which opinion was not carried out in its final decision.

We do not decide where the equities lie. No such issue is before us. Assuming without deciding that such a motion as was noticed for and heard January 5, 1929, is a proper method of seeking such equitable relief, it did not raise such equitable issues. It raised merely the question of who produced the exhibit in court—incidently, who did? Admittedly not appellant.

Another point, which we believe is the real issue before us is raised: Is the order of the lower court of January 5, 1929, appealable? We think not. Under the law of this state, to be appealable the order must come within the following language of Comp. Laws Utah 1917, § 6990:

"From all final judgments of the district courts, there shall be a right of appeal to the supreme court."

There must be a final judgment entered. A judgment is a final determination of the rights of the parties. *Lukich* v. *Utah Const. Co.*, 46 Utah 317, 150 P. 298. There is nothing in the wording of the order of January 5, 1929, that terminates or cuts off appellant's rights, if any he has, in the exhibit. It cannot be said that there is an adjudication of rights in favor of one party and against the other. By the term "rights" is meant substantial rights, and the right to withdraw an exhibit from the files of a case is not a substantial right, as it is within the discretion of the court as to whether or not it will be granted. The order of the lower court was merely one made pursuant to that court's power to provide for the orderly conduct of proceedings before it; and presumably was based upon the theory of the relationship of the various parties to the procedure in the court, not to each other, nor to the exhibit. In connection with this point it is to be noted that the present transcript does not contain any "copy of the judgment" as provided in Comp. Laws Utah 1917, § 6867, as amended by Laws Utah 1925, chap. 52, in the judgment roll which purports to have

been made upon the order of the court of January 5, 1929. In place thereof, however, is included a copy of the minute entry of January 5, 1929, entered before Judge L. B. WIGHT. This court has previously held that it must appear from the record that there was a judgment entered upon the order evidenced in the minute entry. The minute entry is not sufficient. *Lukich* v. *Utah Const. Co.*, supra; *Robison* v. *Fillmore Coml. & Sav. Bank,* 61 Utah 398, 213 P. 790; *Higgins* v. *Fillmore Coml. & Sav. Bank,* 61 Utah 382, 213 P. 790.

The clerk's certificate to the present transcript refers to both transcripts and both bills of exceptions and all papers and orders in the case since its inception, listing certain exhibits and then says: "The whole constituting the judgment roll therein." Apparently no distinction was made between what would constitute a judgment roll in the case on its merits and what would constitute a judgment roll on any trial upon issues, if any, arising subsequent to the final decision of the first controversy. The clerk's certificate does not indicate, nor does the record show, a judgment subsequent to November 21, 1928.

For the reasons stated, the appeal is dismissed   Costs to respondent.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.

STRAUP, J. being disqualified, did not participate herein.