## PIPER v. EAKLE.
## WHITAKER v. SAME.

No. 5901.    Decided November 26, 1937.    (73 P. [2d] 1304.)

486

*J. J. Whitaker* and *Chris Mathison,* both of Salt Lake City, for appellant.

*Skeen & Skeen,* of Salt Lake City, for respondent.

MOFFAT, Justice.

At the threshold of this case we are met with a motion to dismiss the appeal upon two grounds: (1) The assignments of error are insufficient to present a reviewable question of either law or fact; and (2) the order appealed from is not an appealable judgment within the meaning of the statute. We have carefully read the complete record and whether the assignments of error are sufficient or otherwise, the con-

clusion of the trial court should not be disturbed upon the merits.

The appeal was taken from an order of the district court of Salt Lake county directing the appellant, J. J. Whitaker, who is not a party to either of the proceedings out of which the particular order of the district court arose, to pay to the clerk of the district court the sum of $94.60. It is not necessary to outline the details of a series of proceedings of great length to show how the sum of $94.60 came into the custody of the clerk of the court or how the possession of that sum was obtained by Mr. Whitaker. It is sufficient to say that upon Mr. Whitaker's personal application, the court made and entered an order in the minutes of the court directing the clerk of the court to hold said sum of $94.60. About the time this order was entered staying proceedings and ordering the clerk to hold said funds, Mr. Whitaker caused an execution to be issued in Davis county where a transcript of a judgment entered in Salt Lake county had been filed, and caused it to be served upon the clerk of the district court of Salt Lake county, and at the instance of Mr. Whitaker, caused the clerk to deliver to him the sum of $94.60. There was a dispute as to whether the plaintiff or the defendant in the original action between Piper and Eakle was entitled to the sum so held.

Upon affidavit and order to show cause, and a hearing in pursuance thereof, the court ordered Mr. Whitaker to return the sum to the custody of the clerk. Findings and conclusions were made, and in pursuance thereof an order was signed by the judge of the court in which it was ordered, "That J. J. Whitaker, the attorney for the plaintiff herein [Piper], pay to the clerk of this court the sum of $94.60 on or before the 26th day of December, 1936." Costs were also ordered to be paid by Mr. Whitaker.

The appeal must be dismissed. Mr. Whitaker is not a party to the action before the court. No matter whether plaintiff or defendant was entitled to the $94.60, as an attorney and officer of the court it was incumbent upon coun-

sel to obey the order of the court. Orderly procedure required such compliance. The order was made within the court's power to provide for the orderly conduct of proceedings before it. *Omega Investment Co.* v. *Woolley*, 75 Utah 274, 284 P. 523. Further, there was no final judgment entered. The return of the sum in question to the clerk of the court would place the fund in custody of the court until determination of the issue as to the right of final ownership.

"A judgment is the final determination of the rights of the parties. To ascertain what was in fact determined, recourse should be had, not to a bill of exceptions, but to the judgment itself, or the judgment record or recitals of it." *Lukich* v. *Utah Construction Co.*, 46 Utah 317, 150 P. 298.

The order entered by the court was not a final judgment. The appeal is dismissed. Costs to respondent.

FOLLAND, C. J., and HANSON and LARSON, JJ., concur.

WOLFE, Justice (concurring).

I concur. Under any test set out in *Attorney General* v. *Jack W. T. Pomeroy et al.*, 93 Utah 426, 73 P. (2d) 1277, there was no final judgment. In fact, in this case the right of Whitaker to keep the money would depend on how the case between Piper and Eakle was decided. Therefore, under the very tests laid down in the Pomeroy Case, this proceeding of Whitaker's is not susceptible of a several judgment. Under the Pomeroy Case there can be no appealable judgment until all the issues of the case are settled unless a several judgment, according to the tests set out in that opinion, can be rendered. Furthermore, this is not such a matter as was the Pomeroy Case where we will entertain an appeal from a judgment not final. In this case the money could well abide with the clerk until the issues between Piper and Eakle were determined. No case of closing the stable door after the horse was stolen can be made out in this case.

It is only where it would entail great hardship, or because of a clear case of economy of effort and practicability in procedure, or where not to entertain the appeal from a judgment or order not final would cause appellant a loss which could not be retrieved if he were compelled to await for a final judgment from which to appeal, that we will relax the rule which requires a judgment to be a final judgment in order to be an appealable judgment. None of those exigencies are present in this case.