## WILLIAMS v. TUCKETT, Judge.

No. 6151.   Decided Nov. 8, 1939.   (95 P. 2d 982.)

F. *Henri Henriod,* of Salt Lake City, for appellant.

No appearance for respondent.

### PER CURIAM.

An application for a writ of prohibition against LeRoy Tuckett, as Judge of the City Court, Provo, Utah, to prohibit his enforcing a city court judgment and sentence imposed upon the applicant, was filed in the Fourth ■■ Judicial District Court at Provo, Utah, and heard upon the merits without issue being joined on the application.  According to the minute entry, the decision of the court was recited as follows:

"* * * Having heard the arguments of counsel and citations presented and being fully advised therein, it was the order of the court that the Writ, heretofore issued, be and the same is dissolved and the

judgment of the court valid. * * *" (The last five words refer to the judgment in the city court, which imposed the sentence.)

The minute entry including this statement was certified by the clerk of the district court to this court as a copy of the court minutes. Apparently there was no judgment entered on this minute entry. However, the applicant Harvey C. Williams, assuming the minute entry to be the judgment of the district court, and being dissatisfied therewith, appealed to this court. The record as received in this court and as evidenced by the clerk's certificate from the district court includes besides the copy of the minutes referred to, the application for the writ of prohibition, the alternative writ of prohibition, a stipulation waiving the necessity for an undertaking on appeal, and the notice of appeal. In addition there has been filed in this Supreme Court, an assignment of error, a stipulation that a printed abstract may be dispensed with, and an order of this court, signed by the clerk of this court, directing the filing forthwith of respondent's brief and stating that in default thereof, this cause shall be set on the calendar ex parte. No brief was filed by respondent. The matter was submitted pursuant to the order just referred to.

We are of the opinion that there is nothing before us on appeal. An appeal may not be taken from a minute entry but must be taken from a judgment entered upon the order evidenced in the minute entry. *Omega Inv. Co.* v. *Woolley,* 75 Utah 274, 284 P. 523 and cases therein cited. See also Fourth Decennial Digest, Appeal & Error.

The appeal is dismissed.