514 P.2d 530

**STATE of Utah, Plaintiff and Respondent,**

v.

**John BAUTISTA and Jesse Bautista, Defendants and Appellants.**

**No. 13007.**

Supreme Court of Utah.

Sept. 27, 1973.

---

4. Mellott v. Love, 152 Miss. 860, 119 So. 913 (1929).

William D. Marsh, Ogden, for defendants-appellants.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, Asst. Atty. Gen., Salt Lake City, Utah, for plaintiff-respondent.

TUCKETT, Justice:

The defendants were charged in the court below with the crimes of rape and robbery. Trial was had and a verdict of guilty was returned against each of the defendants finding them guilty of rape and of robbery. Defendants are here seeking a reversal of their convictions and for a new trial.

Prosecutrix was a 19-year-old college student who on the night of February 10, 1972, attended a social function on the college campus. She testified that she left the campus at about 11 p.m. and while she was proceeding towards her home she was followed by an old white automobile. The occupants of the white automobile sounded its horn and drove alongside of her compelling her to stop. The defendants who were occupants of the white car approached the automobile of the prosecutrix and one of them got in on the driver's side and the other the passenger side. Prosecutrix stated that they had a gun and told her to get in the middle. The defendants drove her automobile some distance followed by a third man in the white automobile. Prosecutrix's car was parked and they all proceeded in the white automobile. While in the white automobile, defendants took money from the prosecutrix's purse and thereafter purchased gasoline and beer. While traveling in the white car the defendants placed a hat over the prosecutrix's face so that she was unable to see the route they were taking. However, the automobile did proceed upon a dirt road for some time where it was parked. The prosecutrix testified that the defendants compelled her by force and by threats to use the gun to have sexual intercourse with them.

The defendants testified during the trial and disputed the testimony given by the prosecutrix. Defendants testified that they and a third man saw the prosecutrix in her automobile stopped at a traffic light, and they pulled alongside of her automobile and that one of them called to her and whistled and she waved to them. He further testified that they followed the prosecutrix's automobile and that she pulled over and stopped and that they stopped behind her. Defendant John Bautista went to the girl's automobile and talked with her a few minutes and she thereafter joined them in their automobile. They further testified that when they stopped to purchase beer the prosecutrix volunteered to pay part of the cost. The prosecutrix objected to the defendants drinking and driving and they thereupon drove to the place where the rape is alleged to have occurred. John Bautista admitted that he had intercourse with the prosecutrix but he testified that no force was used and that she submitted voluntarily. Jesse Bautista denied having intercourse with the prosecutrix. Defendants denied having or using a gun to threaten the prosecutrix.

The defendants are here seeking a reversal on three grounds. Firstly, in the court's failure to excuse prospective jurors for cause; secondly, that the trial court erred in having a third defendant who was awaiting a separate trial brought into the courtroom during the trial of this cause while he was chained, handcuffed, unshaven and dressed in jail attire; and thirdly,

that the prosecutor in his concluding argument to the jury was guilty of misconduct in referring to the defendants' racial and social backgrounds.

■ We will deal with these claimed errors in the order referred to above. The record reveals that during the voir dire examination of the prospective jurors the State challenged two of the veniremen for cause and the defendants challenged one of the veniremen for cause. The court denied the challenges and the State removed from the list by two of its peremptories the names of the prospective jurors it had challenged. Likewise, the defendants removed by peremptory challenge the name of the juror they had challenged for cause. No claim is made by the defendants that by reason of the court's failure to excuse the prospective juror they had challenged they were compelled to use the peremptory challenge they might have used to strike another prospective juror's name from the list. Defendants failed to show that any prejudice resulted to them by reason of the court's failure to grant their challenge for cause.[1]

■ During the course of the trial the court had directed that the third defendant be brought from the jail to the courtroom. The court stated for the record that this was done for the purpose of avoiding any delay should either the State or the defendants need his presence. It does not appear that either the prosecution or the defense intended to call this man as a witness or that his presence was necessary for any other purpose. Trial court apparently anticipated that the presence of the third defendant might become necessary. While it appears that this action did not serve a useful purpose, nevertheless the presence of that individual could not have prejudiced the defendants. The record does not disclose that the third defendant was identified to the jury or was anything said or done which would tend to connect him with the two defendants on trial. The failure of the court to grant the defendants' motion for a mistrial was not error.

■ The prosecutor in his summation to the jury at the conclusion of the evidence referred to the prosecutrix as the daughter of a dentist and the daughter of a school teacher and that she was a college student, a religious girl and a virgin. And further along in his remarks the prosecutor propounded the question . . . why should the prosecutrix go out with a person not of her own race and a person she does not know who flags her down on the street. After a careful consideration of the record and after considering the entire remarks of the prosecutor in his summation we must conclude that they do not amount to misconduct or that the defendants' motion

1. State v. Musser, 110 Utah 534, 175 P.2d 724; Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751.

for a mistrial should have been granted. The prosecutor in summing up his case before the jury as well as defense counsel has a wide discretion and is entitled to exercise considerable freedom in expressing to the jury his view of the evidence.[2]

After a careful consideration of the entire record we find no error of sufficient magnitude to compel a reversal. Judgment of the court below is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. Gates v. State, 90 Okl.Cr. 380, 214 P.2d 451; State v. Dillon, 104 Ariz. 33, 448 P. 2d 89; State v. Brown, 35 Wash.2d 379, 213 P.2d 305.