**The STATE of Utah, Plaintiff and Respondent,**

v.

**David Lewis MOORE, Defendant and Appellant.**

**No. 14607.**

Supreme Court of Utah.

March 30, 1977.

Darrell G. Renstrom, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City for plaintiff and respondent.

BALDWIN, District Judge:

Defendant appeals from a conviction, upon trial by jury, of the crime of possession of a controlled substance with intent to distribute the same for value, in violation of Utah Code Annotated, Section 58–37–8 (1953) as amended.

Sixteen jurors were called as a panel to try the case and during examination of the panel as to their qualifications to serve on the jury the prosecutor asked the jury:

Now let me ask you further a general question. Is there anything in any of

---

**16.** See footnote 7 supra.

your minds that I haven't brought up that you think would prevent you from rendering a fair verdict in this case? In other words, from entering the case and before you hear the evidence with a completely neutral mind?

A member of the panel, Mr. Rock, answered.

I feel very strongly against people that use or sell narcotics. I don't know whether I could be fair in a verdict or not.

The Judge then asked:

I will ask you, Mr. Rock, would you assign a title of guilt or innocence to a person on that basis?

Mr. Rock replied:

I don't know how to answer that, Judge. I don't know how to answer that. I do have a very strong feeling against people that would sell—

The court then asked Mr. Rock:

Yes, I am sure we all have things that are very repulsive to us. A murder of a young child or a rape of a young woman, this is very repulsive in our own minds and I am sure that that very fact, the type of crime, may arouse a feeling in your mind against a person who would do that. But, what we are saying here is to find guilt or innocence, not make a judgment as to whether it's a bad or good thing. We are not saying or attempting to say whether this is a good or a bad thing for a person to do, we are here for the purpose to determine whether they are guilty or innocent. Do you think that you can sit as a person and listen to the facts and make that determination regardless of what the offense is?

Mr. Rock answered:

I still don't—I still can't answer the question yes or no, I don't think. I am not sure in my own mind whether I would or not.

Defendant's attorney challenged the juror, Mr. Rock, for cause stating to the court, as a basis for challenge:

. . . that he cannot state that he can honestly sit there as a juror and be fair based upon prior experiences and feelings that he has.

The juror, Rock, never stated that he would or could act impartially and the record is clear that actual bias did exist.

Section 77–30–18, U.C.A.1953 as amended, provides that a particular cause of challenge is:

(1) For such bias, as, when the existence of the facts is ascertained, in judgment of law disqualified the juror, and which is known in this [case] as implied bias.

(2) For the existence of a state of mind on the part of the juror which leads to a just inference in reference to the case that he will not act with entire impartiality, which is known in this Code as actual bias.

During the questioning by the court and counsel, the juror Rock candidly and honestly stated that he could not answer the court's question yes or no as to whether or not he could sit as a juror and listen to the facts and make a determination of guilt or innocence. He answered several times that he was not sure if he could be fair and impartial.

Defendant's attorney challenged the juror for cause and the trial Judge refused to excuse the juror for cause, although there were eight other jurors present in the court room to take his place.

Because of the failure of the trial court to excuse the juror for cause upon challenge being made, attorney for the defendant was required to exercise a peremptory challenge to remove the juror. All defendant's peremptory challenges were used in selecting the jury.

In *Crawford v. Manning*, Utah, 542 P.2d 1091 (1975), this court specifically held that the failure to excuse a juror for cause and thus require a party to exercise a peremptory challenge to remove the juror was prejudical. This court stated:

A party is entitled to exercise his three peremptory challenges upon impartial prospective jurors, and he should not be compelled to waste one in order to accom-

plish that which the trial judge should have done.[1]

We are of the opinion that there was prejudical error in the matter complained of and that a new trial should be granted.

Plaintiff-respondent relies upon the case of *State v. Bautista*, 30 Utah 2d 112, 514 P.2d 530 (1973). In that case this court held that the failure to excuse a juror for cause upon challenge was not prejudicial. That case did not hold or discuss the question as to whether the court should have excused the juror for cause but held:

No claim is made by the defendants that by reason of the court's failure to excuse the prospective juror they had challenged they were compelled to use the peremptory challenge they might have used to strike another prospective juror's name from the list.

In the present case the point is made on appeal that the defendant was required to "waste" a peremptory challenge on a juror the court should have removed for cause.

The defendant was required to exercise one of his peremptory challenges to challenge a juror who clearly stated he was not sure he could be impartial and unbiased in deciding the case. The failure of the trial court to excuse the juror Rock for actual bias as that term is defined in Section 77–30–18(2), was prejudicial and in effect it deprived defendant of one of his statutory peremptory challenges in that he was required to exercise one of the peremptory challenges to have Rock excused from serving on the jury.

The Utah Statutes allow either party in a criminal action to challenge a juror for cause and Section 77–30–16, U.C.A.1953 as amended, provides:

A challenge for cause may be taken by either party. It is an objection to a particular juror, and is either:

(1) General,—that the juror is disqualified from serving in any case; or,

(2) Particular,—that he is disqualified from serving in the action on trial.

The defendant's lawyer challenged for cause the juror Rock. The court denied the challenge. Defendant's lawyer was then required to exercise one of his peremptory challenges to exclude juror Rock.

The trial court erred in refusing to excuse Mr. Rock upon challenge being made by defendant's attorney in accordance with statute and it appearing clearly that Mr. Rock was actually biased, as that term is defined in our statute.

The other errors claimed by defendant appear to be without merit and no recitation of the same is necessary and in view of our ruling on this issue.

The judgment is reversed and the case remanded for a new trial.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

HENRIOD, J., who was Chief Justice when the case was heard but has since retired, does not participate herein.

---

1. This was a civil action.