**STATE of Utah, Plaintiff and Respondent,**

v.

**Jackie F. McGEHEE, Defendant and Appellant.**

**No. 17658.**

Supreme Court of Utah.

Dec. 4, 1981.

**2.** *State v. Valdez*, 30 Utah 2d 54, 513 P.2d 422 (1973); *State v. Bautista*, 30 Utah 2d 112, 514 P.2d 530 (1973).

**3.** *Id.*

**4.** 30 Utah 2d 367, 517 P.2d 1322 (1974).

Frank M. Wells, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert R. Wallace, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from two convictions by a jury, of 1) making a false insurance claim,[1] and 2) filing a false report of a criminal offense.[2] The case involved a mobile trailer, which the defendant allegedly reported as having been stolen. Such report was made both to the police and to the insurance company that had covered the trailer for theft.

There was controversion as to the dates of the reports, which is of no moment on this appeal. The record reflects that at the time of the reports, defendant was in necessitous circumstances, and considerably delinquent in his payments to the finance company holding the paper on the trailer.

The defendant does not deny his guilt based on the facts, assuming the charging statute to be valid, but urges reversal as a matter of law because of two errors, one procedural, the other as a matter of claimed unconstitutionality of the legislation under which he was charged.

His thesis on appeal is that 1) the prosecutor's argument to the jury prejudicially was inflammatory and unsupported by the evidence; and 2) that § 76–6–521, the charging statute, is unconstitutionally vague and overbroad as to the offense and conduct necessary for violation.

As to his first point on appeal, the defendant relies on the following language of the prosecutor: "He's got the trailer, or he knows where it is,"—referring to the defendant. Defendant claims that such statement was not supported by the evidence, and hence reversible. The record which included contradictions by the defendant himself and lack of specificity in events designed to rebut guilt were numerous enough to be permissible quarry for comment by the prosecutor. The challenged comment was well within the latitude approved in such cases as State v. Valdez,[3] and State v. Bautista,[4] which reserve a wide range of argument to the jury for prosecutors generally.

With respect to the constitutional question raised as to vagueness, it appears to have been answered by the clarity of the statute itself, which reads as follows:

Every person who presents ... any false or fraudulent claim, ... upon any contract of insurance for the payment of any loss ... is punishable *as in the manner prescribed for theft* of property of like value. [Emphasis added.]

There appears to be no vagueness here. The defendant erroneously contends that the statute calls for a punishment of theft.

1. In violation of U.C.A., 1953, 76–6–521.

2. In violation of U.C.A., 1953, 76–8–506.

3. 30 Utah 2d 54, 513 P.2d 422 (1973).

4. 30 Utah 2d 112, 514 P.2d 530 (1973).

It is obvious this is not true. The statute merely provides for punishment in the "manner *prescribed* for theft," not punishment for the commission of a theft. Theft is not a part of the offense charged, albeit a yardstick, which is supplied for the purpose of pronouncing and service of sentence. The punishment is therefore the same as is meted out had the offense charged been theft. In any event, the jury found defendant guilty of filing a false insurance claim—not theft. Theft, of course, did not lie in this case because it would have required a charge of stealing from oneself.

The verdicts and judgments are affirmed.