**Q. Ford WILSON and Marilee W. Wilson, et al., Plaintiffs and Appellants,**

v.

**Alan B. MANNING, City Recorder, City of Fruit Heights, Defendant and Respondent.**

**No. 17632.**

Supreme Court of Utah.

April 1, 1982.

Curtis J. Drake, Salt Lake City, for plaintiffs and appellants.

D. Kent Norton, Salt Lake City, for defendant and respondent.

PER CURIAM:

Petitioners brought this action for a writ of mandamus commanding a city recorder to submit a rezoning ordinance to a referendum. The district court denied the petition in an unsigned minute entry accompanied by a certificate of mailing which directed counsel for the defendant to prepare an order conforming to the minute entry. However, no order appears in the record and apparently none was entered. The notice of appeal states that petitioners appeal "from the minute entry entered in this action . . . ."

An unsigned minute entry does not constitute an entry of judgment, nor is it a final judgment for purposes of Utah R.Civ.P. 72(a). Utah R.Civ.P. 58A(b) and (c); *Steadman v. Lake Hills*, 20 Utah 2d 61, 433 P.2d 1 (1967); *Hartford Accident & Indemnity Co. v. Clegg*, 103 Utah 414, 135

---

**4.** See, e.g., *State v. Dunbany*, 184 Neb. 337, 167 N.W.2d 556 (1969); *State v. Schuler*, N.D., 243 N.W.2d 367 (1976).

P.2d 919 (1943); *Robison v. Fillmore Commercial & Savings Bank*, 61 Utah 398, 213 P. 790 (1923). Although well briefed and argued, this appeal must therefore be dismissed as improperly before this Court.

*So ordered.* No costs awarded.