STATE of Utah, Plaintiff and
Respondent,

v.

Raymond Joe VIGIL, Defendant
and Appellant.

No. 18118.

Supreme Court of Utah.

March 18, 1983.

Brooke C. Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals convictions of aggravated robbery[1] and attempted criminal homicide,[2] alleging prejudicial error in the presentation of closing arguments to the jury.

On the night of July 26, 1981, a Winchell's Donut Shop in Salt Lake City was robbed. Two masked men held a gun on the baker, took $136 from the cash register and fled. Witnesses saw a yellow Pinto automobile with Idaho license plates at the scene. A police officer in the area noticed a car matching the description of the one seen at Winchell's. He followed the Pinto and radioed for assistance. The officer activated his patrol car's overhead lights and the Pinto stopped. As back-up police units arrived, the officer used his public address system, and told the occupants of the Pinto to roll down the car's windows and to extend their hands into view. When one of the passengers attempted to get out of the Pinto, the officer told him to remain inside. At that point, the Pinto's engine was started and the car was driven away at a high rate of speed. The police officers pursued, and set up a roadblock when the Pinto reached the end of a deadend street. As the Pinto broke through the roadblock, gunfire was exchanged between the officers and one of the occupants of the Pinto. The Pinto proceeded a short distance, whereupon the car stopped and the three occupants fled on foot. Defendant was found hiding in the backyard of a private residence. Leo and Rudy Duran, codefendants, were found hiding in a nearby field. In their possession were a mask, a pair of gloves, and two money envelopes containing about $135. A revolver with four empty cartridges was also found in shrubbery in the area.

At the preliminary hearing of the three men, Leo and Rudy Duran were positively identified by the Winchell's employee as the persons who had committed the robbery. Prior to trial, Leo and Rudy Duran entered into plea negotiations. They pled guilty to attempted criminal homicide and the charges of aggravated robbery were dropped. Defendant was thereafter tried by a jury.

After the prosecution had presented its case, the defense called Leo Duran as a

1. A first degree felony, in violation of U.C.A., 1953, § 76–6–302.

2. A second degree felony, in violation of U.C.A., 1953, § 76–5–203.

witness. Duran testified as to his plea bargain and then testified as to what happened on the night of the robbery. He said that he borrowed a car belonging to defendant's girl friend and that he and his brother, Rudy, robbed Winchell's. Duran stated that after the robbery they returned to a party where defendant was a participant. He testified that the three men then decided to visit a friend at a hospital. Duran said that defendant was driving when they were stopped by the police and that he (Duran) was the only person involved in the exchange of gunfire with the police. On cross-examination by the prosecutor, Duran admitted that this was the first time he had reported this version of what had occurred on the night in question.

When both sides had rested, each made closing arguments. During the closing argument of the defense, reference was made to the plea bargains of Leo and Rudy Duran. Defense counsel stated as follows:

> Now, we know that an aggravated robbery occurred. We know that two persons committed that aggravated robbery. Yet, we also know that Mr. Leo Duran did not plead guilty to the crime of aggravated robbery.

The prosecutor objected and the court sustained the objection, admonishing the jury to disregard the comments.

In his rebuttal to the closing argument of the defense, the prosecutor made reference to Duran's guilty plea to the offense of attempted criminal homicide. After the jury had left the room, the defense moved to dismiss, stating as follows:

> [D]uring my closing argument my attempt to explain the position of Leo and Rudy Duran ... [was] objected to and the Court sustained that objection. I immediately desisted from that.

However, [the prosecutor] in his argument did make comment with regard to the plea bargain and Mr. Duran's having pled guilty to it because he was guilty of it. I believe that was in error and highly prejudicial, and if nothing more he should not have been allowed to proceed.

The trial court denied the motion to dismiss.

On appeal, defendant contends that the court erred by allowing the prosecution to comment on Duran's plea negotiations while preventing the defense from doing likewise. In his brief, defendant has ignored our rule which requires reference to pages of the record which would support his contentions.[3] Under *State v. Tucker,*[4] this could be a basis for affirmance; nevertheless, we will address the merits of the appeal.

While there is some question as to whether plea discussions and plea agreements should be admitted into evidence,[5] the evidence was admitted without objection in this case. It was therefore incumbent upon the trial court to allow both sides fairly to discuss the evidence and inferences to be drawn therefrom.[6] By limiting the closing argument of the defense as it did, the court erred.

We do not believe, however, that the error was prejudicial since Duran's plea had little or no bearing on defendant's guilt. In its closing argument, the defense seems to suggest that because the aggravated robbery charge against Duran had been dropped, the jury could not find defendant guilty of that crime. That simply is not the law. The record reflects sufficient evidence to support the jury verdict and, as stated in *State v. Patterson,*[7] "we can declare a belief beyond a reasonable doubt that the trial court's error was harmless." The conviction is therefore affirmed.

---

3. Rule 75(p)(2)(2)(d), Utah Rules of Civil Procedure.

4. Utah, 657 P.2d 755 (1982).

5. See, *e.g., United States v. Smith,* 525 F.2d 1017 (10th Cir.1975).

6. *State v. Gaxiola,* Utah, 550 P.2d 1298 (1976); *State v. Valdez,* 30 Utah 2d 54, 513 P.2d 422

(1973). Note, however, that it is within the trial court's discretion to determine whether improper arguments have influenced a jury verdict. *State v. Bautista,* 30 Utah 2d 112, 514 P.2d 530 (1973).

7. Utah, 656 P.2d 438 (1982).