STATE of Utah, Plaintiff and
Respondent,

v.

Jeffery J. LACEY, Defendant
and Appellant.

No. 18631.

Supreme Court of Utah.

June 14, 1983.

Ronald Yengich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his convictions of forcible sodomy, rape, and attempted rape. He seeks reversal and a new trial, based on alleged error on the part of the trial court in denying defense counsel's challenge for cause of a prospective venireman.

The offenses for which defendant was convicted were committed against two 13-year-old girls. On July 3, 1981, the girls were camping with their families at Mantua, Utah. While taking a walk after dinner, the girls accepted a ride with two strangers, defendant and another young man identified as "Dean." They went to Dean's house and talked for a few minutes until the girls asked for a ride back to Mantua since it was getting dark. Defendant alone offered to take them back. Without mentioning the lurid details, suffice it to say that while enroute to the campground, defendant drove to an isolated area and committed the acts charged.

After being returned to their families by another camper in the area, the girls were taken to the Brigham City Hospital, where they were examined by Dr. David Carlquist. At trial, Carlquist testified that he found weeds, seeds and dirt on each girl and that he found phosphatese (an indicator of semen) in the vagina of one of the girls.

Ken Adams, a sergeant with the Box Elder County Sheriff's Office, testified at trial as to his investigation of the incident.

He stated that in the early morning hours of July 4, 1981, he had accompanied the victims to the area identified as being where the crimes had been committed. Adams said that later that day he had searched defendant's car after obtaining defendant's consent.

Defendant admitted at trial that he and Dean had given the girls a ride, but contended that he had dropped them off, unharmed, near a church in the area. Defendant also presented a partial alibi defense. Nevertheless, based on the evidence adduced, the jury found defendant guilty as charged.

This appeal focuses solely upon the voir dire examination. One of the veniremen (Herbert Orme) indicated that he was acquainted with both Dr. Carlquist and Sergeant Adams. Following inquiry by the court and counsel as to the nature of the relationships and Orme's ability fairly to weigh the testimony, the court denied defense counsel's challenge for cause.[1] The defense subsequently exercised a peremptory challenge and Orme was excused.

■■■■ It is well established that it is prejudicial error to compel a party to exercise a peremptory challenge to remove a venireman who should have been excused for cause after the venireman expressed bias and concern about whether he could remain impartial.[2] Only "strong and deep impressions" on the part of a venireman, however, serve as a basis for disqualification for cause.[3] The question of degree of partiality (or "impressions") remains largely within the discretion of the trial court.[4] In *State v. Brooks*, Utah, 631 P.2d 878 (1981), we held as follows:

[B]ased on the juror's expressed feelings, attitudes, and opinions, the trial court must determine by a process of logic and reason, based upon common experience, whether the juror can stand in attitude of indifference between the state and the accused.

■■■■ Our review of the transcript before us reveals that the trial judge in this case did not abuse his discretion in refusing to excuse venireman Orme for cause. Orme stated that he recently had been treated by Dr. Carlquist and that he had a business relationship with Sergeant Adams. However, Orme consistently stated that he would fairly weigh their testimony along with all other testimony presented. When pressed, he stated that there was a "possibility" he might attach more credibility to his acquaintances' testimony than to another person he did not know. After further examination, the court stated as follows:

Well, I am inclined to believe that anybody who answers candidly has to admit the possibility that he might weigh somebody's testimony over somebody else's.

\* \* \* \* \* \*

I am going to rule that he has answered that candidly, that he would weigh it carefully and that he doesn't believe that it would influence him.

The trial judge concluded that Orme's impressions of the witnesses were not so "strong and deep" as to constitute bias. Although it might have been better to have excused Orme for cause,[5] we find no error in leaving him on the panel. This is particularly so when the nature of the testimony offered by Carlquist and Adams is considered. Their credibility was not questioned and their testimony was not crucial to the prosecution's case.[6]

Affirmed.

1. U.C.A., 1953, § 77–35–18(e)(4).

2. *State v. Malmrose*, Utah, 649 P.2d 56 (1982); *State v. Moore*, Utah, 562 P.2d 629 (1977); *Jenkins v. Parrish*, Utah, 627 P.2d 533 (1981).

3. *State v. Bailey*, Utah, 605 P.2d 765 (1980), citing *Reynolds v. United States*, 98 U.S. 145, 25 L.Ed. 244 (1878), which quotes Chief Justice Marshall in the trial of Aaron Burr.

4. *State v. Brooks*, Utah, 631 P.2d 878 (1981). See also *Rosales-Lopez v. United States*, 451 U.S. 182, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981).

5. See *Jenkins v. Parrish, supra,* where it was stated at 536 that "it is a simple matter to obviate any problem of bias simply by excusing the prospective juror and selecting another."

6. *Compare State v. Brooks,* Utah, 563 P.2d 799 (1977).