**STATE of Utah, Plaintiff and
Respondent,**

v.

**Allen S. HUTCHINGS, Defendant
and Appellant.**

No. 18949.

Supreme Court of Utah.

Oct. 20, 1983.

Arthur L. Keesler, Jr., American Fork, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

5. U.C.A., 1953, § 76–6–505(3).

PER CURIAM:

After arraignment, at a hearing on September 21, 1982, defendant's motion to dismiss for lack of speedy trial was denied. On October 28, 1982, defendant pleaded guilty to burglary, and a pretrial report was ordered. According to an unsigned minute entry prepared by the clerk on December 17, 1982, the trial judge acknowledged presence of defendant and his counsel and, finding no reason not to sentence defendant, sentenced him to the statutory term. Sentence was suspended on payment of a $500 fine and serving 90 days in the county jail, with 18 months probation. The minute entry was designated for appeal, but no signed, formal judgment was designated, nor is one in the record on appeal.

 The notice of appeal recited that it was "from the judgment of conviction and sentence rendered on the 17th day of December, 1982." This is obviously a reference to the minute entry unexecuted by the trial judge. We have held that a minute entry is not final appealable order to invest this Court with jurisdiction to review a matter.[1] Consequently, this appeal must be dismissed for lack of jurisdiction.

After the above irregular procedure, defendant filed an untimely designation of the record provided for in Rule 75(a).[2] Such designation listed only the following documents to represent the record on appeal: a motion to dismiss, an opposing affidavit, "findings of fact and conclusions of law" (which, in order to lend sense on appeal, had to be the recitation in the minute entry), the "judgment" (which likewise was part of the minute entry), the "transcript" of the September 21, 1982, hearing on motion to dismiss (which the court clerk certified was never filed) and the minute entry itself.

 There is nothing in the designated documents that suggests a denial of 'a speedy trial; hence there is nothing before the court to test the validity of the only issue claimed on appeal. The defendant devotes most of his brief to facts completely outside the record on appeal, which we have said repeatedly that we will not canvass on appeal.[3] Such unreviewable facts were the information and its date, date defendant says he was notified of pending charges, dates of arraignment, requests for trial, the missing undesignated September 21, 1982, record and evidence of the right allegedly to reserve the speedy trial issue for appeal.

 Further irregularity was compounded by violation of the rules of appellate procedure, which carry with them sanctions for dismissal of the appeal if violated, as follows:

(1) Rule 73A(a)—for failure to file a docketing statement;

(2) Rule 75(a)(1)—for failure at any time to file a certificate of intention to order a transcript or proceed otherwise;

(3) Rule 75(p)(2)(2)(d)—for failure to make reference to pages in the record supportive of the brief's contentions.[4]

This Court has said that violation of the rules subjects the appeal to dismissal.[5] For such wholesale violation as appears in this case and for the lack of jurisdiction described earlier, the appeal is dismissed.

STEWART and HOWE, JJ., concur in the result.

---

1. *Wilson v. Manning,* Utah, 645 P.2d 655 (1982); *Robinson v. Fillmore Commercial & Savings Bank,* 61 Utah 398, 213 P. 790 (1923).

2. All references to the Rules herein are to the Utah Rules of Civil Procedure, made applicable to criminal proceedings by Rule 81(e).

3. *State v. Starlite Club,* 17 Utah 2d 174, 406 P.2d 912 (1965).

4. *State v. Tucker,* Utah, 657 P.2d 755 (1982); *State v. Steggell,* Utah, 660 P.2d 252 (1983); *State v. Vigil,* Utah, 661 P.2d 947 (1983).

5. *Nunley v. Stan Katz Real Estate,* 15 Utah 2d 126, 388 P.2d 798 (1964); *Holton v. Holton,* 121 Utah 451, 243 P.2d 438 (1952). *See also* Rules 73(a), 73A(e) and 75(a)(1).