**UTAH STATE TAX COMMISSION, Plaintiff and Respondent,**

v.

**Gene M. EREKSON, Defendant and Appellant.**

**No. 19939.**

Supreme Court of Utah.

Feb. 25, 1986.

Gene M. Erekson, pro se.

David L. Wilkinson, Atty. Gen., James L. Barker, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Plaintiff Utah State Tax Commission petitioned the district court below to enforce a Tax Commission subpoena served on defendant for the production of his books and records for the tax years 1979 through 1982. Defendant appeals the trial court's finding of contempt and sentence. We dismiss the appeal for lack of jurisdiction because of the complete absence of any final, appealable order from the trial court. *Pate v. Marathon Steel Co.,* Utah, 692 P.2d 765 (1984).

The district court's order to show cause why defendant should not be held in contempt was heard in October 1983, and the

**1152**

trial judge entered written findings of fact. Because of his imminent retirement, the judge transferred this case, with his findings, to Judge Ballif for any determination of contempt for defendant's failure to comply with the Tax Commission subpoena. On February 27, 1985, Judge Ballif concluded that defendant was in contempt of the subpoena and ordered that defendant purge his contempt before April 6, 1984, by complying therewith.

On April 6, 1984, the parties again appeared before the court. An unsigned minute entry is the only record before us of this proceeding. We have not been provided any written order or judgment of the court or transcript of the testimony. According to the minute entry, the court orally found that defendant had not purged his contempt and should be sentenced to ten days in jail and a $200 fine. No order was thereafter signed or filed.

We have consistently held that a minute entry, unsigned by the court and not susceptible of enforcement, does not constitute a final, appealable order. *Wisden v. City of Salina*, Utah, 696 P.2d 1205 (1985); *State v. Hutchings*, Utah, 672 P.2d 404 (1983); *Wilson v. Manning*, Utah, 645 P.2d 655 (1982).[1] Because no final order or judgment has yet been entered by the court as to defendant's failure to purge his contempt or any consequent sentence, defendant's appeal is without jurisdiction and must be dismissed.

Defendant also purports to appeal from the February 27, 1984, amended conclusions and order. Even if it is assumed that the order was a final determination of contempt for purposes of appeal, defendant has not timely appealed therefrom. Former Rule 73(a), Utah R.Civ.P.; *Anderson v. Anderson*, 3 Utah 2d 277, 282 P.2d 845 (1955).

Defendant's appeal is dismissed.

---

1. A "minute entry" that is signed by the trial judge, specifies with certainty a final determination of the rights of the parties, and is susceptible of being enforced may constitute a final order for purposes of appeal. *Dove v. Cude*, Utah, 710 P.2d 170, 171 n.1 (1985); *Cannon v. Keller*, Utah, 692 P.2d 740, 741 n.1 (1984). However, the April 6 minute entry in this case is not such an order. It has not been and is not enforceable against defendant.