**William Taft AHLSTROM, Plaintiff and Respondent,**

v.

**Jerry B. ANDERSON, Defendant and Appellant.**

No. 20072.

Supreme Court of Utah.

Oct. 9, 1986.

Barbara E. Ochoa, Provo, for defendant and appellant.

Douglas F. White, Tooele, for plaintiff and respondent.

PER CURIAM:

Defendant appeals the denial of his motion to set aside the default judgment entered by the court below. We dismiss the appeal, sua sponte, for lack of jurisdiction.

An amended default judgment was entered March 19, 1984, in an action alleging breach of a uniform real estate contract. Defendant's motion to set aside the default judgment was heard and taken under advisement by the court on June 11, 1984. That same day, an unsigned minute entry was entered by the clerk indicating that the motion had been denied. No final order was thereafter signed or entered in the record.

An unsigned minute entry is not a final, appealable order. *See Utah State Tax Commission v. Erekson,* 714 P.2d 1151 (Utah 1986); and cases cited therein. This Court cannot consider an appeal in the absence of a final order, signed by the court and supported, when appropriate, by findings of fact and conclusions of law. *Wilson v. Manning,* 645 P.2d 655 (Utah 1982); Utah R.App.P. 3(a).

Defendant's appeal is dismissed. No costs awarded.[1]

---

1. *See* Utah R.App.P. 34. While defendant has responsibility to see that his appeal is properly taken from a final order, plaintiff could have avoided the delay and his costs incurred by filing a timely motion for summary disposition under Rule 10, Utah Rules of Appellate Procedure. *Cf. Basso v. Utah Power & Light Co.,* 495 F.2d 906 (10th Cir.1974).