2011 UT App 277

**Eddie Ray BOZARTH Jr., Plaintiff
and Appellant,**

v.

**Richard Lee KALLES and Margaret
Vose, Defendants and Appellees.**

No. 20110411–CA.

Court of Appeals of Utah.

Aug. 18, 2011.

Eddie Ray Bozarth, Jr., Vernal, Appellant Pro Se.

Richard Lee Kalles and Margaret Vose, Cedar City, Appellees Pro Se.

Before Judges ORME, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Plaintiff Eddie Ray Bozarth Jr. appeals the dismissal of a civil complaint for failure to state a claim for relief. We dismiss the appeal for lack of jurisdiction.

¶ 2 At a hearing on pending motions, the district court announced the dismissal of the complaint in an unsigned minute entry dated April 12, 2011. Bozarth filed a notice of appeal from the "dismissal of this case for failure to state a claim for which relief may be granted." No signed order of dismissal has been entered in the underlying case.

¶ 3 An appeal may be taken from the final judgment of a district court by filing a notice of appeal within thirty days after the date of entry of the judgment being appealed. *See* Utah R.App. P. 4(a). A judgment is entered when it is signed by the judge and filed with the clerk. *See* Utah R. Civ. P. 58A(c). It is well-established that an unsigned minute entry is not a final judgment for purposes of appeal. *See Ron Shepherd Ins. v. Shields,* 882 P.2d 650, 653 (Utah 1994) (stating that it is well settled that an unsigned minute entry

does not constitute an entry of judgment, nor is it a final judgment for purposes of appeal); *Sather v. Gross,* 727 P.2d 212, 213 (Utah 1986) (per curiam) ("An unsigned minute entry does not constitute a final judgment for purposes of appeal, and this Court has no jurisdiction to consider the merits of plaintiff's appeal."); *Utah State Tax Comm'n v. Erekson,* 714 P.2d 1151, 1152 (Utah 1986) (per curiam) ("We have consistently held that a minute entry unsigned by the court . . . does not constitute a final, appealable order."); *see also Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, ¶ 35, 201 P.3d 966 (stating that it is the entry of a final order in accordance with rule 7 of the Utah Rules of Civil Procedure that triggers the appeal period).

¶ 4 Because this appeal is taken from an unsigned minute entry, we lack jurisdiction to consider it. Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss the appeal for lack of jurisdiction without prejudice to a timely appeal filed after the entry of a final order.