STATE of Utah, Plaintiff and
Respondent,

v.

David PATTERSON, Defendant
and Appellant.

No. 17610.

Supreme Court of Utah.

Nov. 5, 1982.

Shelden R. Carter, Provo, for defendant
and appellant.

David L. Wilkinson, Salt Lake City, for
plaintiff and respondent.

DURHAM, Justice:

The appellant was convicted after a jury
trial of uttering a forged check. He appeals from that conviction, claiming that
the trial court erred in restricting his cross-
examination of a witness. We agree that
the trial court committed error, but find
that it was harmless in the context of the
evidence in this case, and affirm the conviction.

The witness whose cross-examination is in issue was originally a co-defendant in this case. He was called by the
prosecution to testify against the appellant,
and it was proper for appellant's counsel to
have wide latitude to explore bias and motive. *See State v. Chesnut,* Utah, 621 P.2d
1228 (1980). Although the witness was allowed to testify that he had a prior felony
conviction and that the State had dismissed
charges against him in return for his testimony in the instant case, the trial court
sustained objections to defense counsel's
questions about the number and nature of
prior felony convictions, and about the
number and nature of the dismissed
charges. The trial judge relied on Rule 45
of Utah's Rules of Evidence which gives the
court discretion to exclude admissible evidence when it will be too time-consuming,
confuse the jury, or create unfair surprise
to another party. The trial judge made no
finding on the record on the existence of
any of these factors and there is no other
basis in the record for supposing that any of
the risks contemplated in Rule 45 were
present. Therefore, it was improper and an
abuse of discretion to exclude exploration
of the witness's motivation or bias in this
case.

As we said in *State v. Chesnut, supra* at 1233, "[t]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." The standard for review of error is therefore the constitutional harmless error standard of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Unless we "can declare a belief that the error was harmless beyond a reasonable doubt," we must reverse. *See State v. Chesnut, supra* at 1233. *See also State v. Scandrett*, 24 Utah 2d 202, 468 P.2d 639 (1970). This standard is high, but it is met here. The facts adduced by the State's evidence showed that appellant and a friend (Matheos, the witness who testified as discussed above) rented an automobile from a dealership on the morning of November 20, 1980 and drove to a residential neighborhood in Springville, Utah. A witness identified the appellant as one of two men in a car matching the description of the rental car which was parked in his driveway when he unexpectedly returned home from work at mid-morning. Later that morning, appellant presented a check purportedly signed by a Stanley Burningham and made out to Roy Woodward for cashing at First Security Bank in Springville. The appellant endorsed the check as Roy Woodward, gave his name as Roy Woodward, and showed some identification in that name. The check was identified as one from a packet of checks stolen from the residence of Stanley Burningham on November 20, 1980. The signature on the check was forged.

The appellant testified that he had helped Matheos to rent the car, but had returned home by 8:30 a.m. to work on his automobile. He further claimed he had run into Matheos later on in the morning, and accepted a ride with Matheos in return for his agreement to help Matheos cash a check. He denied ever identifying himself as Woodward at the bank. His testimony was corroborated, as to his whereabouts at various times during the day, by his mother, his brother, and his girlfriend, and contradicted by every other witness.

The following is a summary of the evidence which overwhelmingly established appellant's guilt at trial, entirely exclusive of Matheos' testimony:

1. Two employees at the car rental office identified the appellant as having rented the car in question on November 20. The first said he identified himself as Roy Woodward, showed her a driver's license in that name, and rented the car around 10:30 a.m. The second identified the appellant as having been present when the car was returned about 1:30 p.m., and as having told her his name was Roy Woodward.

2. A salesman at the car rental office identified the appellant driving off the premises in an automobile acknowledged to be the appellant's in the early afternoon of November 20. He also testified that the appellant's car had been parked in the same spot for several hours.

3. A witness identified the appellant and placed him in Springville, with the rented car, during the time appellant said he was repairing a vehicle at home.

4. A teller at First Security Bank testified that appellant gave her the check made out to Woodward, said his name was Woodward, showed her identification in that name, and endorsed that name on the back of the check. She also saw appellant enter a car matching the description of the rental car when he left the bank.

5. A vice-president of First Security Bank testified that appellant gave his name as Roy Woodward when questioned about the check.

6. A police fingerprint expert identified fingerprints found on the packet of checks as appellant's whereas appellant testified he had never seen or touched any checks except the one he claimed Matheos asked him to cash.

█ It is readily apparent from the above summary that the State's evidence, exclusive of the testimony of Matheos, was sufficient to sustain a finding of guilt beyond a reasonable doubt. Further, although defense counsel was precluded from

eliciting detail bearing on Matheos' bias or motive for testifying, the basic facts about a prior felony conviction and the existence of a plea bargain were before the jury, and were available for their deliberation on the issue of his credibility. In the context of the evidence of this case, therefore, we can declare a belief beyond a reasonable doubt that the trial court's error was harmless.

The conviction is affirmed.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.