426 P.2d 796

STATE of Arizona, Appellee,

v.

Jessie DeWayne WHITE, Appellant,
No. 1659.

Supreme Court of Arizona.
In Division.
April 19, 1967.
Rehearing Denied May 23, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Ross Anderson, Phoenix, for appellant.

BERNSTEIN, Chief Justice.

The appellant was convicted of the crime of robbery and sentenced to the Arizona State Prison for a term of from seven to twenty years.

On the night of March 20, 1965 the Alamo Liquor Store, in Phoenix, was robbed by three men. One of the men put a screwdriver to the head of the store attendant while another took the money. Appellant herein, was identified as the "look-

out". He stood by the door until the robbery was nearly completed, then jumped over the counter and took two bottles of liquor.

Appellant was apprehended hiding under a tree immediately following the robbery. The police took latent fingerprints from the vehicle appellant White had abandoned and from the two bottles of whisky. The police later compared these latent fingerprints with appellant's fingerprints taken at headquarters for purposes of identification.

■ Appellant first contends that admitting the fingerprints in evidence was a violation of Art. II, § 10 of the Arizona Constitution, A.R.S.:

"No person shall be compelled in any criminal case to give evidence against himself, * * *"

and further that it was error to take his fingerprints without first advising him of his right to counsel, or the fact that this evidence might be used against him in a criminal prosecution.

In support of this contention appellant cites Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). In that case the United States Supreme Court held "No *statement* elicited by the police during the interrogation may be used against * * *" the defendant at a criminal trial when as a suspect he requested and was denied an opportunity to consult with his attorney, and the police have not effectively warned him of his absolute *"constitutional right to remain silent."* (Emphasis added). From Escobedo counsel for appellant draws an analogy that under Art. II, § 10 appellant should have been warned of his right not to be compelled "to give evidence against himself," and since he was not so warned the fingerprint evidence was erroneously admitted.

■ In oral argument on appeal to this court counsel for appellant abandoned the Fifth Amendment arguments set forth in his brief and contended only that Art. II, § 10 of the Arizona Constitution affords the accused in a criminal case more protection than the federal constitution. We do not agree.

■ The variations of wording in the federal and state constitutions do not lead to different interpretations of the principle. "There is really, in spirit and in principle, no distinction arising out of such difference of language." Counselman v. Hitchcock, 142 U.S. 547, 586, 12 S.Ct. 195, 35 L.Ed. 1110 (1892). "In the interpretation of the principle, nothing turns upon the variations of wording in the constitutional clauses; this much is now conceded. It is therefore immaterial that the witness is protected by one constitution from 'testifying' or by another 'from furnishing evidence,' or by another 'from giving evidence,' or by still another from 'being a witness.'" 8 Wigmore on Evidence (McNaughton rev., 1961) at § 2263. This court has so held in State v. Berg, 76 Ariz. 96, 259 P.2d 261.

■ Photographs of the fingerprints of an accused taken while he was in custody have long been admissible in evidence in this state, Moon v. State, 22 Ariz. 418, 198 P. 288, 16 A.L.R. 362; Garcia v. State, 26 Ariz. 597, 229 P. 103. It has long been recognized that routine fingerprinting does not violate the privilege against self incrimination, United States v. Kelly, 55 F.2d 67, 83 A.L.R. 122 (2d Cir.1932); State ex rel. Mavity v. Tyndall, 225 Ind. 360, 74 N.E.2d 914 (1947); People v. Les, 267 Mich. 648, 255 N.W. 407 (1934); McGovern v. Van Riper, 137 N.J.Eq. 548, 45 A.2d 842 (1946).

In the recent case of State v. Stelzriede, 101 Ariz. 385, 420 P.2d 170 this court held fingerprinting evidence obtained from a suspect against her will may be used as evidence at trial without violating any federal or state constitutional privilege; and in Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) the Supreme Court held that where a police officer directed a physician to administer a blood alcohol test such action constituted compulsion for purposes of the Fifth Amendment privilege, but not "testimonial compulsion."

**164**

The court said:

"We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends." (761, 86 S.Ct. 1830)

and at page 765, 86 S.Ct. at page 1833:

"Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds."

The appellant next contends he was denied a fair trial by reason of a comment made by the prosecutor during closing argument to the jury. Appellant claims the prosecutor conveyed the idea that failure to prevent a robbery is to encourage it. We have examined the questioned comment, and find that taken in context with the entire arguments of both the appellee and the appellant, and together with a corrective instruction immediately given by the trial court, it was not so prejudicial as to cause the conviction. See State v. Dowthard, 92 Ariz. 44, 47, 373 P.2d 357.

This court has repeatedly held that attorneys are given wide latitude in their arguments to the jury. State v. Thomas, 78 Ariz. 52, 275 P.2d 408, affirmed 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863; State v. McLain, 74 Ariz. 132, 245 P.2d 278; State v. Dowthard, 92 Ariz. 44, 47, 373 P.2d 357. The prosecutor's statement was in rebuttal to the theory of appellant's defense. As such it was proper argument. The court's final instructions to the jury gave a complete and adequate statement on the law of aiding and abetting, as well as an instruction that their decision was to be governed solely from the evidence.

The record indicates appellant did not object at trial to other comments of the prosecutor here questioned on appeal.

This cannot now be raised for the first time. The right of review has been waived. State v. Sowards, 99 Ariz. 22, 28, 406 P.2d 202; State v. Hernandez, 96 Ariz. 28, 391 P.2d 586.

The appellant, in his final assignment of error, asserts the trial judge rendered an excessive sentence under the facts of the case. The power given the Supreme Court to revise and reduce sentence imposed by the trial court should be exercised only when it clearly appears a sentence is too severe. State v. Corrales, 95 Ariz. 401, 391 P.2d 563. The defendant was found guilty of armed robbery which under the statute, A.R.S. § 13–643, is punishable by imprisonment for not less than five years. The appellant was sentenced to serve a term of from seven to twenty years. Being within the statutory limits and finding no abuse of discretion on the part of the trial judge we think under the circumstances of this case the sentence was not excessive. State v. Sowards, supra; State v. Corrales, supra.

Judgment affirmed.

STRUCKMEYER and UDALL, JJ., concur.