448 P.2d 89

**STATE of Arizona and County of Yavapai, bodies politic, Appellees,**

v.

**Samuel DILLON, Appellant.**

**No. 1849.**

Supreme Court of Arizona.

In Banc.

Dec. 12, 1968.

first degree under authority of A.R.S. § 13–611, and sentenced to serve a term not less than five nor more than six years in the Arizona State Penitentiary. From his conviction and sentence he appeals.

Defendant met the prosecutrix in Prescott, Arizona. At the time she was searching for her son who she believed had become drunk and wandered off. Dillon promised he could lead her to him. The prosecutrix believed defendant, and went with him in his car searching for her son. He later drove out to a deserted road and raped her. At the trial the substance of defendant's argument was that it was another man who was the perpetrator, and not Dillon.

■ The first contention raised by defendant is that the testimony by a police officer who reported on the story which was related to him by the prosecutrix shortly after the alleged rape was prejudicial. This evidence was not objected to by defendant at the time of the trial. On appeal he contends it is hearsay and for that reason inadmissible. This Court has set forth the rule governing the admissibility of such evidence in State v. McLain, 74 Ariz. 132, 245 P.2d 278:

"* * * In this assignment of error we have what is commonly called an excited utterance, or a spontaneous exclamation to which the term of 'res gestae' is sometimes applied. An excited utterance to come within the exception of the hearsay rule must have three requisites:

1. There must be a startling event.

2. The words spoken must be spoken soon after the event so as not to give the person speaking the words a time to fabricate.

3. The words spoken must relate to the startling event.

Wigmore, Sec. 1750, Vol. 6, p. 142. In this case, all the elements are present and therefore its admissiblity [sic] is unquestioned. * * *"

This case also follows the rule laid down in the early Arizona case of Trimble v. Terri-

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Then Atty. Gen., by Carl Waag, Asst. Atty. Gen., Eino M. Jacobson, Yavapai County Atty., for Appellees.

Head, Cline & Head, by Donald R. Head, Prescott, for appellant.

McFARLAND, Chief Justice:

Samuel Dillon, hereinafter referred to as defendant, was convicted of rape in the

tory, 8 Ariz. 273, 71 P. 932, in which the following language was used:

> " * * * The natural instinct of a female thus outraged and injured prompts her to disclose the occurrence at the earliest opportunity to some relative or friend who has interest in her welfare; and the absence of such a disclosure tends to discredit her as a witness, and may raise an inference against the truth of the charge. To avoid such discredit and inference, it is always competent for the prosecution to show, as a part of its case, that complaint was made recently after the commission of the outrage, and this fact is treated as a circumstance corroborative of the complainant's testimony. * * * "

In State v. Owen, 94 Ariz. 404, 385 P.2d 700, the prosecution put two witnesses on the stand, both of whom related the story of the rape as told to them by the prosecutrix. This Court stated:

> "Appellant strongly urges that the court erred in allowing the witnesses Ostaff and Officer Charles Hall to testify to statements concerning details of the alleged rape related to them by the prosecuting witness about an hour and a half after the incident, since these statements were hearsay. No objection was raised by any of the defendants to the testimony of Officer Hall and therefore its admission may not be urged as error on appeal. The trial court, in overruling objections to allowing the witness Ostaff to relate statements made to her by the prosecuting witness on the ground of hearsay, apparently considered such statements a part of res gestae. * * * "

In the instant case, there being no objection made to the testimony at the trial, as in State v. Owen, supra, the counsel for defendant apparently considered such statement as a part of the res gestae, and made no objection to its admission. As stated in State v. Taylor, 99 Ariz. 151, 407 P.2d 106:

> "The law is well settled that one who does not object to claimed hearsay testimony at the time it is offered thereby waives any objection on appeal. * * * "

Under the facts of the instant case, we hold the admission of this testimony was not error.

Defendant next complained that it was error for the prosecutor in his oral argument to make the statement:

> "If someone did something like that to you or to your wife, do you think she could remember who it was?"

We held that attorneys are given wide latitude in their arguments to the jury. State v. Robison, 99 Ariz. 241, 408 P.2d 29. However, in the instant case, defendant did not object to the statement. The failure of a defendant to object to the remarks made by a prosecutor in his closing statement to the jury so that the court may make a correction by proper instruction, results in a waiver of his right to have the argument reviewed. State v. Sowards, 99 Ariz. 22, 406 P.2d 202; State v. Hernandez, 96 Ariz. 28, 391 P.2d 586; State v. Woolery, 93 Ariz. 76, 378 P.2d 751; State v. Chance, 92 Ariz. 351, 377 P.2d 197. The only exception to this rule is where the conduct of the counsel was such that it must be presumed to have resulted in a miscarriage of justice. State v. Smith, 101 Ariz. 407, 420 P.2d 278. The statement made in the instant case was not of such nature. It was merely an argument to the jury of counsel that the nature of the crime was such that a prosecutrix would be so impressed that her identification of defendant was completely reliable. Such remarks did not constitute error under the facts of this case. State v. Robison, supra.

Judgment affirmed.

UDALL, V. C. J., and BERNSTEIN and LOCKWOOD, JJ., concur.

STRUCKMEYER, J., concurs in the results of this decision.