451 P.2d 605

The STATE of Arizona, Appellee,

v.

Thomas J. ROCHE, Appellant.

No. 1820.

Supreme Court of Arizona,
In Banc.

March 11, 1969.

Rehearing Denied April 15, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Gilbert Gonzalez, Tucson, for appellant.

UDALL, Chief Justice:

Defendant, Thomas James Roche, was convicted of attempted burglary and sentenced to serve seven to seven and one-half years in the state prison. He appeals from the judgment of conviction.

On August 30, 1966, at approximately 3:15 A.M., a deputy of the Pima County Sheriff's department observed two men climb onto the roof of a building near where he was parked. When he heard "metallic noises * * * like they were prying on something" he informed the Sheriff's department, via his two-way radio, that there was a possible burglary in progress. The deputy then got out of his car and ordered the men to get down off the building. The men scrambled around on the roof and then jumped off the other side. The deputy ran around to the other side of the building and arrived there just as the defendant hit the ground. He shouted at them to stop or he would shoot. Both men ran until a shot was fired into the air, at which time defendant stopped and threw a metal object into the street. The other subject continued to run and

evaded the deputy. The deputy identified himself to defendant and advised him he was under arrest. Later a tire iron was found in the area where defendant had thrown the metal object. The other subject, Craig Vermillion, was arrested several blocks away. Vermillion, an 18 year old youth with no prior record, pleaded guilty to the charge of accessory to attempted burglary and was given two years probation. His testimony at defendant's trial was instrumental in defendant's conviction.

Defendant now complains that (1) the sentence of seven to seven and one half years is excessive and the court abused its discretion, (2) the state failed to produce sufficient evidence to corroborate the testimony of Craig Vermillion, the accomplice, and therefore the evidence was insufficient to sustain the verdict, (3) the court erred in admitting certain evidence and (4) a mistrial should have been granted due to improper and prejudicial misconduct of the prosecuting attorney.

■■■ Burglary of the first degree carries a sentence of one to fifteen years. A.R.S. § 13-302, subsec. B. Attempted burglary of the first degree is punishable by a maximum of seven and one-half years. A.R.S. § 13-110. The sentence imposed on defendant was the legal maximum. "We will not upset the sentence imposed by the trial judge as long as he stays within the statutory limits and does not abuse his discretion." State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967). The judge, in fixing the sentence, should consider both the nature and circumstances of the offense charged and the character and past conduct of the defendant. State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962); State v. Phillips, supra. Defendant had a record of at least two prior felony convictions, armed robbery and assault with a deadly weapon. In addition, he had threatened harm to Vermillion and Vermillion's sister if Vermillion testified against him. In light of those circumstances we conclude that the court did not abuse its discretion.

A.R.S. § 13-136 provides:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Vermillion testified that defendant committed the crime. Defendant contends that Vermillion's testimony was not corroborated by evidence which by itself tended to connect him with the commission of the crime. The argument is without merit. Deputy Becerra testified that he saw two men climb onto the roof and that he arrived at the front of the building just as the defendant hit the ground. He saw defendant run and when he fired a shot in the air he observed defendant stop and throw a metal object from his hand. The jury obviously rejected defendant's testimony that he was walking home from his girl friend's house and just happened to be walking past the building when he heard the shot. Viewing the evidence in the light most favorable to upholding the verdict it is our opinion that the accomplice's testimony was adequately corroborated by deputy Becerra's testimony.

■■ Becerra and other officers testified that while Becerra was searching defendant an ice pick fell from somewhere on defendant's person. When the ice pick was offered into evidence defense counsel said: "Your Honor, I object to it." The court overruled the objection and admitted the evidence. Defendant now complains that the court erred in overruling the objection. We have held that a general objection is no objection and that we will not consider an assignment of error based upon a ruling on a general objection if evidence is admissible for any purpose. State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965). The ice pick was admissible to show that defendant was equipped with an instrument

which could be used in the perpetration of a burglary.

Defendant contends that the prosecuting attorney was guilty of flagrant misconduct in his argument to the jury. Defendant failed to make any objection to the prosecuting attorney's argument and therefore he waived his right to have it reviewed. State v. White, 102 Ariz. 162, 426 P.2d 796 (1967). State v. Sowards, 99 Ariz. 22, 406 P.2d 202 (1965). We have, however, examined the argument in question and conclude that, although it was in places extravagant, defendant's fundamental rights were not violated. Further, the court instructed the jury that the arguments of counsel were not to be considered as evidence in the case.

Affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.