480 P.2d 668

The STATE of Arizona, Appellee,

v.

Maurice C. TOTRESS, Appellant.

No. 1940.

Supreme Court of Arizona,
In Banc.
Feb. 10, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Richmond & Wolfram, by Donald E. Wolfram, Phoenix, for appellant.

UDALL, Justice:

The defendant-appellant is before this court on an appeal from a conviction on two counts in the Superior Court of Maricopa County for the illegal sale of marijuana.

The pertinent facts pertaining to the appeal show that the defendant was accused of the sale of marijuana to a deputy sheriff of Maricopa County, Arizona on the 20th day of May, 1966. At the beginning of the trial counsel for the defendant moved for the exclusion of witnesses, which motion was duly granted. After the state had completed its case the defendant took the stand and testified in his own behalf.

The defendant presents only one issue for consideration on this appeal. The issue as stated reads as follows:

"Can a prosecuting attorney, in a criminal case, be allowed to comment to the jury, with impunity, that the defendant's presence in the courtroom during the testimony of other witnesses (while the other witnesses were excluded from the courtroom so as not to color their testimony) permitted the defendant to change his testimony to fit the testimony of these witnesses, or, does such a comment by said prosecuting attorney deprive the defendant of his constitutional

and statutory right to due process and a full, fair and impartial trial?"

It is the contention of the defendant that the deputy county attorney alluded to the defendant's having listened to the testimony of the other witnesses prior to his taking the witness stand, which he now claims constituted error. His claim is that, after he testified, an attempt to discredit his testimony was made by the state's attorney whose statements allegedly inferred that since the defendant had heard all the witnesses testify—he was now able to frame his answers in light of the testimony of all the other witnesses; and thus it was made to appear to the jury that he had an unfair advantage. The argument of the state's attorney to which objection is made, is as follows:

"Now, if you will recall at the beginning of this case, the witnesses were excluded from this courtroom."

"Not one witness, or the purpose of this rule was to enable no witness to tie together, by listening to any other witness's testimony, his particular testimony."

"What witness was not excluded from the courtroom? That witness, of course, was the defendant. The defendant had the opportunity to listen to every bit of testimony, as he should." Transcript of Proceedings, Page 122, Lines 8–18.

With this contention we disagree. Had the defendant not taken the stand it would have been fundamental error for counsel to have called attention to the fact that he had failed to testify. Here, however, the defendant had testified and had the opportunity to fully answer the allegations made against him by the witnesses for the state. There was no compulsion against the defendant that required him to testify—since the statement was made by the attorney in his argument to the jury after all the witnesses had completed their testimony.

Furthermore, the state's attorney had said in his statement that:

> "The defendant had the opportunity to listen to every bit of testimony, *as he should.*"

■ It is correctly contended by the state's attorney that if the defendant believed that the question as to whether the final argument of the prosecutor was prejudicial, so as to deprive him of a fair trial and due process, he had the opportunity to then and there object to the argument so that the court could have cured the error, if one existed. Further the defendant could also have made a proper motion to the court to admonish the jury to disregard that part of the argument.

It is a fundamental rule of appellate procedure in Arizona that the trial court must be given an opportunity to correct the errors at trial, and where no such claim of error was made—at the trial court level—the claim is waived. In State v. Boag, 104 Ariz. 362 at 366, 453 P.2d 508 at 512 (1969), we said:

> "Failure to object to comment (by state's attorney) is a waiver of the right to have the comment reviewed upon appeal, unless there is fundamental reversible error."

In State v. Roche, 104 Ariz. 276, 451 P.2d 605 (1969), it was contended that "the prosecuting attorney was guilty of flagrant misconduct in his argument to the jury." We held that since the defendant failed to make any objection to the prosecuting attorney's argument, he therefore waived his right to have it reviewed. State v. White, 102 Ariz. 162, 426 P.2d 796 (1967); State v. Sowards, 99 Ariz. 22, 406 P.2d 202 (1965). See also: State v. Dillon, 104 Ariz. 33, 448 P.2d 89 (1968); State v. Woolery, 93 Ariz. 76, 378 P.2d 751 (1963); State v. Chance, 92 Ariz. 351, 377 P.2d 197 (1962); State v. Griffith, 92 Ariz. 273, 376 P.2d 134 (1962).

■ We have examined the argument in question and conclude that defendant's fundamental rights were not violated. Furthermore, the court instructed the jury that the arguments and comments of counsel are intended to help them in the understanding of the evidence and in applying the law, but that the arguments of counsel were not to be considered as evidence in the case. See State v. Roche, supra.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.