**Ralph Kermit WINTERROWD 2nd, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

Nos. A–9233, A–9234.

Court of Appeals of Alaska.

June 23, 2006.

Rehearing Denied July 26, 2006.

Ralph Kermit Winterrowd 2nd, in propria persona, Knik, for the Appellant.

Rachel Plumlee, Assistant Municipal Prosecutor, and Frederick H. Boness, Municipal Attorney, Anchorage, for the Appellee.

---

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

On January 3, 2004, and again on October 11, 2004, Ralph Kermit Winterrowd 2nd was stopped for speeding. On both occasions, the police asked Winterrowd to produce his driver's license, his vehicle registration, and proof of motor vehicle insurance.

During the January 3rd traffic stop, Winterrowd produced his driver's license, but he did not produce his registration or proof of insurance. Instead, Winterrowd invoked his privilege against self-incrimination and his right to the assistance of counsel under the Fifth Amendment to the United States Constitution. Because Winterrowd did not produce proof of motor vehicle insurance, he was cited for violating Section 09.28.030(B)(1) of the Anchorage Municipal Code (failure to carry proof of motor vehicle insurance).

During the October 11th traffic stop, Winterrowd produced his driver's license, but he did not produce his vehicle registration or proof of insurance. Again, Winterrowd invoked his Fifth Amendment privilege against self-incrimination and right to counsel. This time, Winterrowd was cited for failing to produce proof of motor vehicle insurance upon the demand of a police officer, AMC 09.28.030(B)(2), and for failing to carry motor vehicle registration, AMC 09.52.020.

These three charges were jointly adjudicated in a single bench trial in the district court. At his trial, Winterrowd argued that, because he was subjected to a seizure of his person within the meaning of the Fourth Amendment, and because he thereafter invoked his privilege against self-incrimination and his rights to silence and to the assistance of counsel under the Fifth Amendment, he could not be penalized for failing to produce the documentation that the officers asked him for. The district court rejected this argument and found Winterrowd guilty of all three offenses.

Winterrowd now appeals his convictions, renewing the constitutional argument that he presented to the district court.

Winterrowd is correct that a motorist who is subjected to a traffic stop is "seized" for Fourth Amendment purposes. However, not all Fourth Amendment seizures amount to "custody" for purposes of *Miranda v. Arizona.*[1] That is, not all Fourth Amendment seizures trigger the Fifth Amendment rights to silence and to the assistance of counsel recognized in *Miranda.*

We addressed this point of law in *McNeill v. State,* 984 P.2d 5 (Alaska App.1999):

> Generally, in determining whether a person is in custody for *Miranda* purposes, a court must ask whether, "under the circumstances of the police interaction with the suspect, ... a reasonable person [would] have felt free to break off the interrogation and, depending on the location, either leave or ask the police to leave". [quoting *Long v. State,* 837 P.2d 737, 740 (Alaska App.1992)] ... This wording suggests that *Miranda* warnings will be required whenever a person is "seized" for Fourth Amendment purposes, but that is not the law. The cases applying *Miranda* recognize that there are some Fourth Amendment seizures of temporary duration—most notably, routine traffic stops and other investigative stops—in which *Miranda* warnings are not required, even though the person is temporarily in custody and the police can properly ignore a request that the officers depart and leave the person alone.

*McNeill,* 984 P.2d at 6–7 (emphasis omitted), citing *Berkemer v. McCarty,* 468 U.S. 420, 439–440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984) (holding that *Miranda* does not apply when a motorist is subjected to roadside questioning during a routine traffic stop); *Blake v. State,* 763 P.2d 511, 514–15 (Alaska App.1988) (holding that police officers are not required to give *Miranda* warnings during an investigative stop unless and until the initial stop ripens into "custody" as that term is defined in *Miranda* jurisprudence). *See also* Wayne R. LaFave, *Search and Seizure:*

---

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

*A Treatise on the Fourth Amendment* (4th ed.2004), § 9.3(b), Vol. 4, pp. 367–377.

In his reply briefs, Winterrowd asserts that he is not attempting to raise a *Miranda* issue. Instead, Winterrowd asserts, he is relying on the Fifth Amendment rights to silence and to the assistance of counsel that the law gives him apart from *Miranda*. But in roadside encounters like the ones in these cases, there is no Fifth Amendment right to silence or to counsel apart from situations of custodial interrogation as defined in *Miranda* jurisprudence. *See State v. Garrison*, 128 P.3d 741, 747 (Alaska App.2006) (holding that, because the defendant was not in custody for *Miranda* purposes, the police could continue to question him despite his arguable request for an attorney).

Because Winterrowd's traffic stops did not constitute "custody" for *Miranda* purposes, the police could continue to ask Winterrowd to produce his vehicle registration and proof of insurance even after Winterrowd invoked his Fifth Amendment rights to silence and to the assistance of counsel—because those rights did not apply in Winterrowd's situation.

█ The remaining issue is whether Winterrowd, by invoking his privilege against self-incrimination, could lawfully refuse the police officers' demands that he produce his vehicle registration and proof of insurance. The answer is "no": motorists have no Fifth Amendment right to refuse authorized police requests for production of their vehicle registration and proof of insurance.

*See Larkin v. Hartigan*, 250 Ill.App.3d 969, 189 Ill.Dec. 630, 620 N.E.2d 598, 602 (1993) ("There is nothing unconstitutional about requiring a vehicle owner to verify [that] his insurance sufficiently meets all legal requirements."); *People v. Goodin*, 257 Mich.App. 425, 668 N.W.2d 392, 395–96 (2003) (motorists have no Fifth Amendment privilege to refuse to produce their driver's license, registration, and name and address).

*Accord: State v. Adams*, 181 Ariz. 383, 891 P.2d 251, 253–54 (App.1995); *State v. Melemai*, 64 Haw. 479, 643 P.2d 541, 545–46 (1982); *People v. Lucus*, 41 Ill.2d 370, 243 N.E.2d 228, 230–31 (1968); *People v. Samuel*, 29 N.Y.2d 252, 327 N.Y.S.2d 321, 329–330, 277 N.E.2d 381, 386 (1971); *Lamb v. State*, 488 P.2d 1295, 1296–97 (Okla.Crim.App.1971); *Commonwealth v. Long*, 831 A.2d 737, 747–750 (Pa.Super.2003); *State v. Smyth*, 121 R.I. 188, 397 A.2d 497, 499–500 (1979); *Banks v. Commonwealth*, 217 Va. 527, 230 S.E.2d 256, 257–59 (1976).

*See also California v. Byers*, 402 U.S. 424, 427–434, 91 S.Ct. 1535, 1537–1540, 29 L.Ed.2d 9 (1971) (holding that hit-and-run statutes that require motorists to produce identification do not violate the Fifth Amendment).

For these reasons, the district court's judgments are AFFIRMED.