Stephen C. COLLIER, Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Appellee.

No. A–9404.

Court of Appeals of Alaska.

July 14, 2006.

Rehearing Denied July 28, 2006.

Stephen C. Collier, pro se, Anchorage.

Rachel Plumlee, Assistant Municipal Prosecutor, and Frederick H. Boness, Municipal Attorney, Anchorage, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

STEWART, Judge.

Stephen C. Collier was convicted of speeding.[1] On appeal, he contends that the officer improperly obtained evidence against him— his driver's license and proof of registration and insurance—after he invoked his Fifth Amendment right to the assistance of counsel. He also argues that he was denied necessary discovery at trial. And, finally, he argues that Alaska Criminal Rule 16(a) is unconstitutional. We affirm.

*Facts and proceedings*

On May 12, 2005, Anchorage Police Officer James Conley stopped Collier on the Glenn Highway near the South Birchwood exit for driving seventy-eight miles per hour in a sixty-five mile-per-hour zone. Officer Conley cited Collier under Anchorage Municipal Code 09.26.030(C) for speeding.

On June 1, 2005, Collier filed an eleven-page discovery request, seeking information on the creation of the courts, the chartering of Anchorage, "the true name of the 'government' accuser," IRS documents, and police operating procedures. On July 26, 2005, the

1. Anchorage Municipal Code (AMC) 09.26.030(C).

court granted the motion in part, noting that the city is responsible for providing discovery materials to Collier, "*e.g.,* officer's notes of traffic stop."

At the trial on August 29, 2005, the Municipality stated that it had provided Collier with the following discovery:

> copies of the ticket, the certificate of calibration for the radar instrument the officer used, Officer Conley's certificate of training for laser speed detection, and a compact disk with the video recording of the traffic stop. . . . The only thing left that we could find to be discovered to the defendant is the recording of . . . the police dispatch calls. Sent defendant the notice that that is available.

Collier said he did not request or want the dispatch communications. The court then reviewed the remaining discovery requests and found that "none of the other items requested are either relevant, within the agency and control of the prosecutor's office, nor required as obligatory discovery under Rule 16."

In its case in chief, the Municipality called Officer Conley, who testified that on the morning of May 12, 2005, he was parked on the Glenn Highway watching traffic. He saw a white General Communication, Inc. van traveling at what appeared to be eighty miles per hour. His laser indicated that the van was actually going seventy-eight miles per hour. He pulled the van over for speeding. Collier produced his driver's license and told the officer that he thought he was going seventy to seventy-two miles per hour. Collier apparently then asked if he was under arrest and demanded an attorney.

At trial, Collier argued that he was denied discovery and that Officer Conley illegally asked for his driver's license and proof of registration and insurance after he had re-

quested an attorney. The court held that the Municipality had provided all relevant discovery and that Collier did not have a right to counsel because he was "neither being interrogated, nor was he in custody." The court found Collier guilty of violating AMC 09.26.030. This appeal followed.

### Discussion

*Collier's claim that his right to counsel and privilege against self-incrimination were violated during the traffic stop*

■ Collier claims that the traffic stop was a "constitutional seizure" that entitled him to invoke his Fifth Amendment right to assistance of counsel. He asserts that, after he told the police he was invoking his right to counsel, the police could not require him to produce his driver's license until his counsel arrived on the scene.[2]

We find no merit to this claim. The right to counsel under the Fifth Amendment only arises during custodial interrogation, and Collier concedes he was not in custody for purposes of *Miranda v. Arizona.*[3] We agree that Collier was not in *Miranda* custody. Routine traffic stops generally do not constitute *Miranda* custody and thus do not trigger the right to counsel.[4] Here, Officer Conley stopped Collier, asked for his license and proof of registration and insurance, and then cited him for speeding. There is no evidence that this was anything other than a routine traffic stop. Because Collier was not in custody, Officer Conley did not violate Collier's Fifth Amendment right to counsel when he asked for Collier's driver's license.[5]

■ To the extent that Collier may be asserting that his Sixth Amendment right to assistance of counsel was violated, we recog-

---

**2.** Collier also claims that his rights to counsel and his privilege against self-incrimination were violated when the officers demanded his registration and proof of insurance. We have not addressed this claim because we do not see how proof of registration or insurance could be used against Collier as evidence of speeding.

**3.** *See Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); *see also Berkemer v. McCarty,* 468 U.S. 420, 439–43,

104 S.Ct. 3138, 3150–52, 82 L.Ed.2d 317 (1984); *Clark v. Anchorage,* 112 P.3d 676, 678–79 & n. 4 (Alaska App.2005).

**4.** *Berkemer,* 468 U.S. at 439–43, 104 S.Ct. at 3150–52; *Blake v. State,* 763 P.2d 511, 515 (Alaska App.1988).

**5.** *See id.*

nized in *Thiel v. State*[6] that the Sixth Amendment right to counsel attaches "only upon the commencement of adversary criminal proceedings," not during "purely investigative stages of a case."[7] When Officer Conley stopped Collier for speeding, adversary criminal proceedings had not commenced. Accordingly, Officer Conley did not violate Collier's Sixth Amendment right to an attorney.

Finally, Collier appears to claim that Officer Conley violated his privilege against self-incrimination by demanding his driver's license. The Fifth Amendment of the United States Constitution and article 1, section 9 of the Alaska Constitution provide that no person shall be compelled in any criminal proceeding to be a witness against himself.

Alaska law requires motorists to have in their possession a valid driver's license and to present that license for inspection upon demand by a peace officer.[8] Collier argues that requiring him to present his license violated his privilege against compulsory self-incrimination because it identified him for the purpose of prosecution.

In *California v. Byers*,[9] the United States Supreme Court addressed the closely related issue of whether it violates the privilege against compulsory self-incrimination to require motorists to produce identification at the scene of an accident.[10] The Court noted that "[e]ven if we were to view the statutory reporting requirement as incriminating in the traditional sense, in our view it would be the 'extravagant' extension of the privilege Justice Holmes warned against to hold that it is testimonial in the Fifth Amendment sense."[11] The disclosure of the driver's name and address is "an essentially neutral act" and "[w]hatever the collateral consequences ... the statutory purpose is to implement the state police power to regulate use of motor vehicles."[12] Moreover, "[a] name, linked with a motor vehicle, is no more incriminating than the tax return, linked with the disclosure of income.... It identifies but does not by itself implicate anyone in criminal conduct."[13]

■ We have also held that the Fifth Amendment privilege against compulsory self-incrimination does not extend to the requirement that motorists produce a driver's license—and thereby identify themselves for purposes of prosecution.[14] Officer Conley, therefore, did not violate Collier's privilege against self-incrimination when he demanded that Collier produce his driver's license.

*Collier's request for additional discovery*

■ On June 1, 2005, Collier filed an eleven-page discovery request, seeking information on the creation of the courts, the chartering of Anchorage, "the true name of the 'government' accuser," IRS documents, and police operating procedures. The Municipality provided Collier with a copy of the ticket, the certification of the laser used in this case, Officer Conley's training certificate for operating the laser, and the video recording of the traffic stop. The prosecutor also offered to provide Collier with the recording of the radio traffic between the officer and dispatch, but Collier said he did not want the dispatch communications. Magistrate Cole found that "none of the other items requested are either relevant, within the agency and control of the prosecutor's office, nor required as obligatory discovery under Rule 16."

■ Collier argues that all the information he requested should have been disclosed because it would have had a direct bearing on

6. 762 P.2d 478 (Alaska App.1988).

7. *Id.* at 481 (citing *Moran v. Burbine,* 475 U.S. 412, 429–30, 106 S.Ct. 1135, 1145–46, 89 L.Ed.2d 410 (1986); *Maine v. Moulton,* 474 U.S. 159, 170, 106 S.Ct. 477, 484, 88 L.Ed.2d 481 (1985); *Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972)).

8. AS 28.15.011(b); AS 28.15.131.

9. 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971).

10. *Id.* at 427, 91 S.Ct. at 1537.

11. *Id.* at 431, 91 S.Ct. at 1539.

12. *Id.* at 432, 91 S.Ct. at 1540.

13. *Id.* at 433–34, 91 S.Ct. at 1540.

14. *Winterrowd v. State,* —— P.3d ——, Alaska App. Opinion No.2050, 2006 WL 1720110 (June 23, 2006).

the trial. We overturn discovery orders only for abuse of discretion.[15]

Several sections of Criminal Rule 16 are relevant to this appeal. Criminal Rule 16(a) mandates that "discovery prior to trial shall be as full and free as possible consistent with protection of persons, effective law enforcement, and the adversary system." Criminal Rule 16(b)(1)(A) requires the prosecuting attorney to disclose the names, addresses, and statements of persons known by the government to have knowledge of relevant facts, written or recorded statements made by the accused or a co-defendant, documents or objects obtained from the accused or intended to be used at trial, and records of prior convictions of the defendant and any witnesses the prosecutor intends to call. Criminal Rule 16(b)(3) requires the prosecution to disclose material or information within its possession or control that tends to negate the guilt or reduce the punishment of the accused. Criminal Rule 16(b)(7) allows the court in its discretion to require disclosure of other relevant material and information. And, finally, Criminal Rule 16(b)(8) states that the prosecution is not required to disclose legal research or attorney work product. None of these sections requires the prosecution to disclose information on the creation of the courts, the chartering of Anchorage, or any of the other documents Collier requested.

Magistrate Cole had discretion under Criminal Rule 16(b)(7) to order the disclosure of "other relevant material and information." But she correctly found that "none of the other items requested are either relevant, within the agency and control of the prosecutor's office, nor required as obligatory discovery under Rule 16." The only relevant information within the Municipality's control (the ticket, the laser certification, Officer Conley's training certificate for operating the laser, the video recording of the traffic stop, and the dispatch communications) was provided or made available to Collier. The rest was either nonexistent, irrelevant, or publicly available. None had a tendency to negate his guilt.[16] Magistrate Cole therefore did not abuse her discretion in refusing to order additional discovery.[17]

*Collier's claim that Criminal Rule 16 is unconstitutional*

In passing, Collier argues that Criminal Rule 16 is unconstitutional. His entire argument, raised only in his conclusion, is as follows:

> [T]his court should hold that Criminal Rule 16(a) is unconstitutional, as the withholding of any inculpatory or exculpatory evidence material from the Accused must be disclosed and under no circumstance can evidence be withheld to protect persons (the State of Alaska), protect effective law enforcement (Alaska State Troopers, Anchorage Police Department and other Police Departments and Police) and the adversary system (Judges, Attorneys, Prosecutors and other court personnel) or any other entity.

Collier appears to be arguing that Criminal Rule 16(a) unconstitutionally limits discovery by providing that discovery should be as full and free as possible "consistent with protection of persons, effective law enforcement, and the adversary system." But he does not cite any legal authority for this position. He also does not show how he was prejudiced. As noted above, Collier received all relevant discovery.[18]

*Conclusion*

Collier's conviction is AFFIRMED.

---

**15.** *See R.E. v. State,* 878 P.2d 1341, 1345 (Alaska 1994); *Linne v. State,* 674 P.2d 1345, 1354–55 (Alaska App.1983).

**16.** *See Scott v. State,* 519 P.2d 774, 778 (Alaska 1974).

**17.** *See R.E.,* 878 P.2d at 1345; *Linne,* 674 P.2d at 1354–55.

**18.** *See Adamson v. Univ. of Alaska,* 819 P.2d 886, 889 n. 3 (Alaska 1991).