NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KHAMARI VANDELL THOMAS, *Appellant.*

No. 1 CA-CR 21-0027
FILED 2-15-2022

Appeal from the Superior Court in Maricopa County
No.  CR2019-143948-001
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Stuart Reilly
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1        Defendant Khamari Vandell Thomas appeals her conviction and resulting probation for leaving the scene of a serious injury accident. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        As Thomas was driving to work one day in September 2019, she engaged in a shouting match with a man on a scooter after he "cut her off." They proceeded to a Phoenix freeway, where Thomas allegedly "brake checked" the scooter. The scooter's driver was unable to stop before hitting Thomas' car, and he sustained serious physical injuries.

¶3        Although Thomas knew the scooter hit her car and went "off the side of the road," she did not stop to assist. Instead, she continued on to her job. Once there, Thomas called 9-1-1 to report that she was involved in a vehicle accident "on North 51." Thomas did not more specifically describe where the collision occurred, and she refused to give her name or work location.

¶4        The State charged Thomas with leaving the scene of a serious injury accident in violation of Arizona Revised Statutes ("A.R.S.") sections 28-661 and -663. The jury found Thomas guilty of the offense but determined she did not cause the collision.[1] The court placed Thomas on supervised probation, and she timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]        "A driver who is involved in an accident resulting in death or serious physical injury . . . and who fails to stop or to comply with the requirements of § 28-663 is guilty of a class 3 felony, except that if a driver caused the accident the driver is guilty of a class 2 felony." A.R.S. § 28-661(C).

## DISCUSSION

¶5            Thomas argues that by requiring drivers involved in vehicle accidents to remain at the scene and provide their personal information, A.R.S. §§ 28-661 and -663 violate the federal and state constitutions' prohibition against self-incrimination.   *See* U.S. Const. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself[.]"); Ariz. Const. art. 2, § 10 ("No person shall be compelled in any criminal case to give evidence against himself[.]").

¶6            Because Thomas did not challenge the statutes' constitutionality in the superior court, we review for fundamental error, which requires Thomas to prove either error and resulting prejudice, or that the error "was so egregious that [s]he could not possibly have received a fair trial." *State v. Escalante*, 245 Ariz. 135, 140, 142, ¶¶ 12, 21 (2018). "Our review of the constitutionality of [a] statute . . . is *de novo, . . .* but we presume that the law is constitutional, and, therefore, the party challenging the law bears the burden of persuasion to the contrary." *State v. Russo*, 219 Ariz. 223, 225, ¶ 4 (App. 2008).

¶7            The "hit-and-run" statutes provide, in relevant part, that:

> The driver of a vehicle involved in an accident on public or private property resulting in injury to or death of a person shall:

> 1. Immediately stop the vehicle at the scene of the accident or as close to the accident scene as possible but shall immediately return to the accident scene.

> 2. Remain at the scene of the accident until the driver has fulfilled the requirements of § 28-663.

A.R.S. § 28-661(A).

> The driver of a vehicle involved in an accident on public or private property resulting in injury to or death of a person or damage to a vehicle that is driven or attended by a person shall:

> 1. Give the driver's name and address and the registration number of the vehicle the driver is driving.

2. On request, exhibit the person's driver license to the person struck or the driver or occupants of or person attending a vehicle collided with.

3. Render reasonable assistance to a person injured in the accident[.]

A.R.S. § 28-663(A).

¶8    As a preliminary matter, we reject Thomas' contention that the state constitution provides broader protection against self-incrimination than does the Fifth Amendment. *See State v. White*, 102 Ariz. 162, 163 (1967) (rejecting assertion that "Art. II, [§] 10 of the Arizona Constitution affords the accused in a criminal case more protection than the federal constitution").   Because the constitutional provisions are coterminous, we may rely on Fifth Amendment jurisprudence in addressing Thomas' constitutional claim. *See State v. Teagle*, 217 Ariz. 17, 22, ¶ 19 n.3 (App. 2007).

¶9    In *State v. Adams*, 181 Ariz. 383, 386 (App. 1995), this court held that the hit-and-run statutes' disclosure requirements do not run afoul of the constitutional guarantees against self-incrimination. That holding was based on *California v. Byers*, 402 U.S. 424 (1971), which rejected a similar challenge to California's hit-and-run statutes. *Adams*, 181 Ariz. at 385-86.

¶10    Thomas asks us to conclude that *Adams* was incorrectly decided. According to Thomas, Arizona caselaw refers to A.R.S. §§ 28-661 and -663 as having a criminal purpose, and *Byers* found the California statutes constitutional only because of their non-criminal purpose. Thus, Thomas challenges the *Adams* court's reliance on *Byers*. We reject Thomas' line of reasoning.

¶11    First, we reject Thomas' assertion that Arizona's hit-and-run statutes serve a primarily criminal purpose for purposes of determining whether they require self-incrimination in violation of the Fifth Amendment. In *State v. Milligan*—decided 11 years before *Byers*—our Supreme Court rejected the defendant's argument that he was not required to make the disclosures required under A.R.S. § 28-663 because the accident victim was unconscious. 87 Ariz. 165, 169-70 (1960). The Court noted that "[t]he gist of the offense is in concealing, or attempting to conceal the identity of one involved in an automobile accident wherein personal injuries are sustained[.]" *Id.* To illustrate, the Court cited a Vermont case that explained the statute is designed to "prohibit drivers of motor cars from seeking to evade civil or criminal liability by escaping, before their

identity can be established, and from leaving persons injured in collisions, in distress or danger, for want of proper medical or surgical treatment." *Id.* (quoting *State v. Severance*, 138 A.2d 425, 428 (Vt. 1958)).

¶12          We do not consider this language from *Milligan* as holding that the hit-and-run statutes serve a primarily criminal purpose in the context of evaluating whether they violate the constitutional prohibition against self-incrimination. Arizona cases have quoted the "civil or criminal liability" referenced in *Milligan*, but they also did so in contexts other than the hit-and-run statutes' purported violation of the privilege against self-incrimination. *See State v. Powers*, 200 Ariz. 363, 364, ¶ 9 (2001) (holding that § 28-661 is "scene related" not "victim related," thus, defendant improperly charged with two hit-and-run charges where one vehicle accident resulted in two injured victims); *State v. Rodgers*, 184 Ariz. 378, 380 (App. 1995) (holding that the term "accident" in § 28-661 includes "any vehicular incident resulting in injury or death, whether or not such harm was intended.").

¶13          Second, as Thomas correctly notes, "the *Byers* plurality rested upon the notion that California's hit-and-run statute applied to a category of people not likely to face criminal prosecution."[2] *See Byers*, 402 U.S. at 430-31. The reason *Byers* found the California statute had a "noncriminal governmental purpose" is because, under California law, mere involvement in a vehicle accident is not a criminal offense. *Burrell v. Virginia*, 395 F.3d 508, 512-13 (4th Cir. 2005); *see Byers*, 402 U.S. at 456 ("[T]he 'hit-and-run' statute in the present case predicates the duty to report on the occurrence of an event which cannot, without simply distorting the normal connotations of language, be characterized as 'inherently suspect'; i.e., involvement in an automobile accident with property damage.") (Harlan, J., concurring). As in California, being involved in a vehicle accident is not itself a criminal offense in Arizona, and Thomas does not argue otherwise.

¶14          We therefore reject Thomas' contention that *Adams* was wrongly decided. And pursuant to *Adams*, Thomas' constitutional challenge to A.R.S. §§ 28-661 and -663 fails. *See Adams*, 181 Ariz. at 386 (holding that § 28-663 does not violate defendant's right against self-

---

[2]          Despite Thomas' apparent argument to the contrary, Justice Harlan enunciated this principle even more broadly in his concurrence. *See Byers*, 402 U.S. at 439 ("[T]he presence of a 'real' and not 'imaginary' risk of self-incrimination is not a sufficient predicate for extending the privilege against self-incrimination to regulatory schemes of the character involved in this case.") (Harlan, J., concurring).

incrimination).  Thomas thus fails to establish error, let alone fundamental and prejudicial error.  *See Escalante*, 245 Ariz. at 142, ¶ 21 ("[T]he first step in fundamental error review is determining whether trial error exists.").

## CONCLUSION

¶15     We affirm Thomas' conviction and the resulting disposition.



AMY M. WOOD • Clerk of the Court
FILED:     AA